UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| B.E. TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 2:12-cv-02767-JPM-tmp |
| | ) | |
| vs. | ) | **JURY DEMAND** |
| | ) | |
| AMAZON DIGITAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF AMAZON DIGITAL SERVICES, INC. IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(A)**

Glen G. Reid, Jr. (#8184)
greid@wyattfirm.com
Mark Vorder-Bruegge, Jr. (#06389)
mvorder-bruegge@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
The Renaissance Center
1715 Aaron Brenner Dr., Suite 800
Memphis, TN  38120-4367
(901) 537-1000

Counsel for Defendant
AMAZON DIGITAL SERVICES, INC.

J. David Hadden
dhadden@fenwick.com
Darren F. Donnelly
ddonnelly@fenwick.com
Saina S. Shamilov
sshamilov@fenwick.com
Ryan J. Marton
rmarton@fenwick.com
Clifford Web
cweb@fenwick.com
Justin Hulse
jhulse@fenwick.com
FENWICK & WEST LLP
801 California Street, 6th Floor
Mountain View, CA  94041
(650) 988-8500

## TABLE OF CONTENTS

INTRODUCTION ------------------------------------------------------------------------------------ 1

STATEMENT OF FACTS ------------------------------------------------------------------------- 2

    A.    This Action ------------------------------------------------------------------------- 2

    B.    The Patents-in-Suit ------------------------------------------------------------ 2

    C.    The Parties -------------------------------------------------------------------------- 3

        1.    B.E. Technology --------------------------------------------------------- 3

        2.    Amazon --------------------------------------------------------------------- 4

    D.    Relevant Third Parties ------------------------------------------------------- 5

ARGUMENT ------------------------------------------------------------------------------------------ 5

    I.    THIS CASE COULD HAVE BEEN BROUGHT IN THE
        NORTHERN DISTRICT OF CALIFORNIA --------------------------------- 6

    II.    THIS CASE SHOULD BE LITIGATED IN THE
        NORTHERN DISTRICT OF CALIFORNIA --------------------------------- 6

        A.    The Private Interest Factors Favor Transfer to the
            Northern District of California -------------------------------------------- 7

            1.    The Vast Majority of Documents Relevant
                to This Case Are Located in the Northern
                District of California ---------------------------------------------- 7

            2.    The Cost of Attendance and Convenience of
                Witnesses Strongly Favor Transfer ------------------------------- 8

            3.    The Availability of Compulsory Process to
                Secure the Attendance of Witnesses
                Strongly Favors Transfer ----------------------------------------- 10

            4.    No Practical Problems Favor Litigation in
                This District Over the Northern District of
                California --------------------------------------------------------------- 12

        B.    The Public Factors Also Favor Transfer of This
            Case to the Northern District of California -------------------------- 13

            1.    Court Congestion is Not a Serious Concern
                Here and It Does Not Weigh Against
                Transfer ----------------------------------------------------------------- 13

2. The Northern District of California Has a
Far More Substantial Interest in the
Adjudication of This Case ------------------------------------------------- 14

CONCLUSION ----------------------------------------------------------------------------------------- 15

# TABLE OF AUTHORITIES

*Cases:*                                                                    *Page(s):*

*Cherokee Export Co. v. Chrysler Int'l. Corp.*,
  No. 96-1745, 142 F.3d 432, 1998 WL 57279 (6th Cir. Feb. 2, 1998)----------------------- 6

*Cont'l First Fed., Inc. v. Watson Quality Ford, Inc.*,
  No. 3:08-0954, 2010 WL 1836808 (M.D. Tenn. May 6, 2010)------------------------------- 6

*In re EMC Corporation*,
  677 F.3d 1351 (Fed. Cir. 2012) ------------------------------------------------------------- 13

*GeoTag, Inc. v. Aromatique, Inc.*,
  Case No. 2:10-cv-570, Dkt. 585 at 10 (E.D. Tex. Jan. 14, 2013)---------------------------- 13

*Hertz Corp. v. Friend*,
  130 S. Ct. 1181 (2010) --------------------------------------------------------------------- 7

*In re Hoffman-La Roche, Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ------------------------------------------------------------- 14

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ---------------------------------------------------------- 6-8, 10

*Just Intellectuals, PLLC v. Clorox Co.*,
  No. 10-12415, 2010 WL 5129014 (E.D. Mich. Dec. 10, 2010)----------------------- 7-8, 10

*L&P Prop. Mgmt. Co. v. JTMD, LLC*,
  No. 06-13311, 2007 WL 295027 (E.D. Mich. Jan 29, 2007)------------------------------- 7-8

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2010) ------------------------------------------------------------- 14

*Moses v. Bus. Card Express, Inc.*,
  929 F.2d 1131 (6th Cir. 1991)------------------------------------------------------------- 5-6

*In re Nintendo Co., Ltd.*,
  589 F.3d 1194 (Fed. Cir. 2009) ----------------------------------------------------------- 7, 9

*Quality Gold, Inc. v. West*,
  No. 1:11-CV-891, 2012 WL 1883819 (S.D. Ohio May 22, 2012) --------------------------- 6

*Returns Distribution Specialists, LLC v. Playtex Prods., Inc.*,
  No. 02-1195-T, 2003 WL 21244142 (W.D. Tenn. May 28, 2003) ---------------------- 5, 7-9

*United States ex rel. Kairos Scientia, Inc. v. Zinsser Co.*,
  No. 5:10-CV-383, 2011 WL 127852 (N.D. Ohio Jan. 14, 2011) --------------------------- 14

*In re Volkswagen of America, Inc.*,
    545 F.3d 304 (Fed. Cir. 2008)------------------------------------------------ 5

*In re Zimmer Holdings*, *Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010) ------------------------------------------7, 12-14

*Statutes and Rules:*

28 U.S.C. § 1391 -------------------------------------------------------------5-6

28 U.S.C. § 1400(b) ---------------------------------------------------------- 6

28 U.S.C. § 1404 ------------------------------------------------------------2-6, 8

*Other Authorities:*

Fed. R. Civ. P. 12(b)(6) ------------------------------------------------------ 2

Fed. R. Civ. P. 45(c)(3)(A)(ii) ----------------------------------------------10

## INTRODUCTION

As explained in Amazon's pending motion to dismiss (Dkt. No. 32), the patents asserted in this case are invalid and this case should be dismissed in its entirety now.  If this case is to be litigated further, however, it should be litigated in the Northern District of California.  The accused products are designed and developed there.  Amazon's relevant engineering employees are located there.  Amazon's relevant technical documents and computer source code are also located there.  Amazon has no relevant business operations, offices, employees, documents, or computer source code in this district.

B.E. is a patent assertion entity and its sole purported connection to Tennessee is its business registration—created the day before this lawsuit was filed.  Prior to its registration, B.E. was based in Michigan since at least the time the applications for the asserted patents were filed.  The sole inventor named on the asserted patents, Mr. Martin Hoyle, was residing in Louisiana when the applications were filed (and the patents issued).  A recent patent application published in June of 2012 still lists Mr. Hoyle as an inventor residing in Louisiana.  B.E.'s last minute prelitigation "relocation"—really just the ministerial act of filing business registration papers with this State—does not create any meaningful connection between this district and either the plaintiff, the asserted patents or the purported invention.

In addition to Amazon, B.E. sued 18 other companies for infringing its patents.  Not a single defendant is based in Tennessee and the overwhelming majority of defendants are located on the West Coast.  Not a single relevant document is known to be located in this district, and no known third-party witnesses are located here.  Because the Northern District of California has a significantly stronger connection to this case than this district, the interests of justice and convenience compel transfer of this case to California—a convenient forum for resolution and one that has a meaningful interest in the underlying dispute.

For these reasons, and for the reasons stated more fully below, Amazon moves, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the Northern District of California.

## STATEMENT OF FACTS

### A.     This Action

On September 7, 2012, as part of a broad campaign of patent infringement lawsuits in this district, B.E. Technology Inc. ("B.E.") filed this lawsuit against Amazon Digital Services, Inc. ("Amazon") accusing it of infringing U.S. Patent No. 6,771,290 (the "'290 patent").[1]  (*See* Dkt. No. 1 ("Complaint").)  Shortly thereafter, B.E. filed an amended complaint accusing Amazon of infringing both the '290 patent and its parent U.S. Patent No. 6,141,010 (the "'010 patent").  (Dkt. No. 9 ("Amended Complaint").)  On January 7, 2013, Amazon moved to dismiss B.E.'s claims with prejudice because the patents violate the fundamental rules of the United States patent law and are invalid on their face.  (Dkt. No. 32.)

### B.     The Patents-in-Suit

As part of its litigation campaign, B.E. is asserting three related patents:  the two patents asserted against Amazon—the '290 and '010 patents—and U.S. Patent No. 6,628,314, which claims priority to the '010 patent.  (*See, e.g.*, Case No. 2:12-cv-02772, Dkt. No. 1.)  B.E. also accuses 18 other companies (collectively "defendants") of infringing various combinations of these patents.[2]  A substantial number of defendants are headquartered in the Northern District of California (Facebook, LinkedIn, Pandora, Twitter, Sony Computer Entertainment, Google, Ap-

---

[1] Case Nos. 12-cv-02830, 12-cv-02866, 12-cv-02767, 12-cv-02769, 12-cv-02772, 12-cv-02781, 12-cv-02782, 12-cv-02783, 2:12-cv-02823, 12-cv-02824, 12-cv-02825, 2:12-cv-02826, 12-cv-02827, 12-cv-02828, 12-cv-02829, 12-cv-02831, 12-cv-02832, 12-cv-02833, and 12-cv-02834.

[2] The other defendants are Motorola Mobility Holdings LLC, Google Inc., LinkedIn, Inc., Facebook, Inc., Groupon, Inc., Pandora Media, Inc., Twitter, Inc., Barnes & Noble, Inc., Samsung Telecommunications America, LLC, Samsung Electronics America, Inc., Sony Computer Entertainment, Sony Mobile Communications, Sony Electronics, Inc., Microsoft Corp., Apple, Inc., Spark Networks, Inc., People Media, Inc., and Match.com LLC.

ple), or are otherwise based primarily on the West Coast (Sony Electronics, Microsoft, Spark Networks).  None is based in Tennessee.

The asserted patents name Martin David Hoyle of Louisiana as the sole inventor. (Amended Complaint Exs. A-B.)  Although B.E.'s lead counsel, Robert Freitas, appears to have represented that Mr. Hoyle moved to Tennessee in 2006, a patent application filed in December 2011 and published in June 2012 identifies Mr. Hoyle's residence as New Orleans, Louisiana. (*See* Declaration of Amanda Hudson in Support of Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Hudson Decl.") Exs. 1-2.)  At the time applications for the asserted patents were filed, Mr. Hoyle was also based in Louisiana.  (*Id*. Ex. 2.)  It does not appear that any activities related to the asserted patents took place in Tennessee.  (*Id*. Ex. 2.)  Mr. Freitas himself and his firm reside in the Northern District of California.  (*Id*. Ex. 3.)  The asserted patents were prosecuted by the law firm Reising, Ethington, Barnes, Kisselle, P.C. with offices in Michigan and Texas.  (*Id*. Ex. 4.)  The Reising firm has no offices in Tennessee.  (*Id*.)

C.     **The Parties**

1.     **B.E. Technology**

B.E. is a patent assertion entity ("PAE").  It is a Delaware company with no known business operations in Tennessee.  (Amended Complaint ¶ 2.)  Indeed, B.E. registered to do business in Tennessee one day before filing this lawsuit.  (Hudson Decl. Ex. 5.)  As a PAE, B.E. does not make or sell any products or services, much less make any beneficial use of the technologies that it claims to own.  According to B.E.'s lead counsel, B.E.'s "business" consists solely of enforcing the family of patents asserted in this district against West Coast based companies.  (*Id*. Ex. 1.)  As recently as June 2012, B.E.'s patent filings listed itself as a company based in Saginaw, Michigan.  (*Id*. Ex. 2.)  At the time the applications for the asserted patents were filed, B.E. (also known as "Big Easy Technologies,") was headquartered in New Orleans, Louisiana.  (*Id*.

Ex. 6 at p. 30.)  B.E. also appears to have had an office in Michigan during that time, and that is the location listed for B.E. in the asserted patents.  (*Id.* Ex. 6; Amended Complaint Exs. A-B.)

### 2.    Amazon

Like B.E., Amazon has no relevant business operations in the State of Tennessee.  Amazon is a Delaware corporation with a principal place of business in Seattle.  (*See* Declaration of Jeffrey H. Dean in Support of Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Dean Decl.") ¶ 2.)  It belongs to a group of companies that are known for the largest e-commerce marketplace on the Internet—the website www.amazon.com.  Amazon also develops and markets Kindle electronic book readers and tablets—the products that B.E. accuses of patent infringement in this lawsuit.  (*Id.*)  The engineering operations for the accused Kindle products are based in the city of Cupertino in the Northern District of California.  (*Id.* ¶ 4.)  Amazon employees who design and develop the Kindle products are located in Cupertino.  (*Id.*)  Amazon's technical documentation and computer source code relating to the accused Kindle products are also located in the Northern District of California.  (*Id.*)  While a parent company of the named Amazon defendant operates an online retail business, which is not a part of this lawsuit, and that business operates merchandise fulfillment centers in Tennessee, not even these facilities are located in the Western District.  (*Id.* ¶ 6.)  No employees with knowledge of the accused Kindle products, or any other information relevant to this lawsuit, are employed here.  (*Id.*)  No technical documents and no computer source code relating to the accused products are located in Tennessee.  (*Id.*)

Amazon's headquarters for its U.S. sales, finance, and marketing operations is also located on the West Coast, in Seattle, and so are employees with knowledge regarding those operations.  (*Id.* ¶ 5.)  Amazon's sales, financial, and marketing documents are located on the West Coast.  (*See id.*)  In short, all of Amazon's potentially relevant witnesses and documents are lo-

cated either in the Northern District of California or Seattle, and none is in the State of Tennessee, let alone this district.

### D.      Relevant Third Parties

No presently known third-party witnesses reside in the Western District of Tennessee. The attorney who prosecuted the asserted patents is located in Troy, Michigan. (*See* Hudson Decl. Exs. 7-10.)  B.E.'s CEO at the time the applications for the asserted patents were filed and the patents issued was located in Bay City, Michigan. (*See id*. Ex. 11.)  No known source of prior art or prior art witness is located in the Western District of Tennessee.  By contrast, as described below, even at this early stage, numerous important third-party prior art witnesses and sources of proof are known to be located in the Northern District of California.

## ARGUMENT

Under 28 U.S.C. § 1404, for the "convenience of parties and witnesses" and "in the interest of justice," a court may transfer a civil action to any judicial district in which it could have been brought.  28 U.S.C. § 1404(a); *see Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).  "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege [of choosing venue] under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)."  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 313 (Fed. Cir. 2008).  While plaintiffs have a privilege to file their claims in any judicial district appropriate under the general venue statute, "§ 1404(a) tempers the effects of the exercise of this privilege" by allowing courts to transfer civil actions to a more convenient venue. *Id*.; *see also Returns Distribution Specialists, LLC v. Playtex Prods., Inc*., No. 02-1195-T, 2003 WL 21244142, at *6 (W.D. Tenn. May 28, 2003) (noting that a district court has "broad discretion under section 1404(a) when determining whether to transfer a case" "to prevent a waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense") (citation omitted).

## I.   THIS CASE COULD HAVE BEEN BROUGHT IN THE NORTHERN DISTRICT OF CALIFORNIA.

In the Sixth Circuit, the "threshold" determination under Section 1404(a) is whether the claims could have been brought in the proposed transferee district.  *Id.*  This case could have been brought in the Northern District of California in the first instance.   Under 28 U.S.C. § 1400(b), a patent infringement action may be brought in the "district where the defendant … resides."  Section 1391(c) of Title 28 provides that a defendant "resides" in any district in which it is subject to personal jurisdiction.  28 U.S.C. § 1391(c)(2).  Amazon designs the accused products in the Northern District of California—it is subject to personal jurisdiction in that district. (*See* Dean Decl. ¶ 4.)  This case could have been brought there.

## II.   THIS CASE SHOULD BE LITIGATED IN THE NORTHERN DISTRICT OF CALIFORNIA.

Provided that the proposed transferee district is one where the case could have been originally brought, the Court must then consider the convenience of the parties and witnesses, balancing several private and public interest factors.  *Moses*, 929 F.2d at 1138; *Cont'l First Fed., Inc. v. Watson Quality Ford, Inc.*, No. 3:08-0954, 2010 WL 1836808, at *2 (M.D. Tenn. May 6, 2010).  The relevant private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial [of a case] easy, expeditious and inexpensive."  *Quality Gold, Inc. v. West*, No. 1:11-CV-891, 2012 WL 1883819, at *2 (S.D. Ohio May 22, 2012) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009)); *see also Cherokee Export Co. v. Chrysler Int'l. Corp.*, No. 96-1745, 142 F.3d 432, 1998 WL 57279, at *3 (6th Cir. Feb. 2, 1998).  The relevant public interest factors include "(1) the administrative difficulties flowing from court congestion; [and] (2) the localized interest in having localized interests decided at home."  *Quality Gold, Inc.*, 2012 WL 1883819, at *2.

While a plaintiff's choice of venue is generally entitled to "some deference, it is not sac-rosanct, and will not defeat a well-founded motion for change of venue." *L&P Prop. Mgmt. Co. v. JTMD, LLC*, No. 06-13311, 2007 WL 295027, at *3 (E.D. Mich. Jan 29, 2007) (citation omitted); *Returns Distribution Specialists,* 2003 WL 21244142, at *9 (ordering transfer where "the overwhelming inconvenience to the witnesses outweighs the Plaintiffs' interest in choosing their own forum"). If a party's presence in a venue "appears to be recent, ephemeral, and an arti-fact of litigation," as it is here, it is subject to much closer scrutiny "to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempts at manipulation." *In re Zimmer Holdings*, *Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1195 (2010)).

### A.    The Private Interest Factors Favor Transfer to the Northern District of California.

#### 1.    The Vast Majority of Documents Relevant to This Case Are Located in the Northern District of California.

The relative ease of access to documentary and physical evidence strongly favors transfer to the Northern District of California. "In patent infringement cases, the bulk of the relevant evi-dence usually comes from the accused infringer. Consequently, the place where defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (citing *Genentech*, 566 F.3d at 1345); *see also See Just Intel-lectuals, PLLC v. Clorox Co.*, No. 10-12415, 2010 WL 5129014, at *2 (E.D. Mich. Dec. 10, 2010) (finding that presence of documents in the Northern District of California heavily favored transfer where, as here, document discovery would be intensive).

Amazon's relevant documents are located in the Northern District of California or Seat-tle. Technical documentation and computer source code related to the accused Kindle prod-ucts—constituting the bulk of discovery to take place in this case—are located in the Northern District of California. (Dean Decl. ¶ 4.) Information related to Amazon's U.S. sales, finances,

and marketing operations is maintained in Seattle, substantially closer to the Northern District of California than to Tennessee. (*Id.* ¶ 5.) Amazon has no relevant offices, computer servers or equipment in Tennessee and it stores no relevant documents or other information here. (*Id.* ¶ 6.)

There is little reason to believe that B.E. is in possession of any large number of documents or other information relevant to this case in the Western District of Tennessee. B.E. has no business operations in Tennessee other than asserting its patents. (Hudson Decl. Ex. 1.) Indeed, it registered to do business in the district the day before it filed its lawsuit against Amazon. (*Id.* Ex. 5.) It does not appear that B.E. has any offices in Tennessee. The address that was included in its business registration with the State is a residential address in Cordova, Tennessee—a suburb of Memphis—apparently purchased in May 2012. (*Id.* Ex. 12.)

The great bulk of documents and information relating to this case is located in the Northern District of California. Very little, if any, is located in this district. The factor of ease of access to documents and other physical evidence, therefore, strongly favors transfer to the Northern District of California. *L&P Prop. Mgmt. Co.*, 2007 WL 295027, at *5 (finding this factor weighed in favor of transfer where "[a]ll of Defendants' documents are located at their headquarters in [the transferee district] … [and] Plaintiffs have not identified any sources of evidence … that exist in [the transferring district]"); *Just Intellectuals*, 2010 WL 51229014, at *3 (same).

### 2.    The Cost of Attendance and Convenience of Witnesses Strongly Favor Transfer.

The cost and inconvenience to witnesses in attending distant proceedings is "[t]he most significant factor when considering transfer under § 1404." *Returns Distribution Specialists*, 2003 WL 21244142, at *7; *Genentech*, 566 F.3d at 1343. The Amazon employees with knowledge relevant to this litigation are all located either in the Northern District of California—1,700 miles from Memphis, or Seattle—2,400 miles from Memphis—and at least some of them will be forced to travel to Memphis for this case. "Additional distance [from home] means addi-

tional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Nintendo*, 589 F.3d at 1199 (internal quotation omitted). No direct flights to Memphis are available from any airport near Amazon's headquarters in Seattle or Amazon's facility in Cupertino. (Hudson Decl. ¶ 14.) With travel time by air between any of these airports and Memphis generally greater than six hours, none of these witnesses would be able to travel to and from Memphis within a single day, necessitating costly overnight stays disrupting their personal and professional lives. Should this case be litigated in the Northern District of California, however, the employees who work at Amazon's facility in Cupertino would not need to travel to attend any case proceedings, and the employees who work in Amazon's office in Seattle can take a short direct flight, of approximately 2 hours, offered several times a day, every day, to any major airport in the Northern District of California. (*Id.*)

The factor of witness convenience weighs even more heavily in favor of transfer where the witnesses forced to travel are important to the defendant's business and their attendance at trial and other proceedings in a distant forum would disrupt those operations. *See, e.g.*, *Returns Distribution Specialists*, 2003 WL 21244142, at *7. The relevant Amazon engineers are important to Amazon's business and their absence for significant periods of time would adversely affect operations. (Dean Decl. ¶ 4.) Amazon has no relevant employees in the Western District of Tennessee, and has no offices in the Western District from which testifying witnesses could work while present in the district. (*Id*. ¶ 6.) Simply put, it is more efficient and convenient and less disruptive for witnesses to testify at home—in the Northern District of California—or to make a short trip that in most cases would take no more than a single day, from Seattle to California.

Balanced against the hardships to Amazon and its employees, B.E. appears to have no actual operations in the Western District of Tennessee—registering to do business there only one

- 9 -

day prior to filing this suit and listing a recently purchased residence as its primary office.  (Hudson Decl. Exs. 5 and 12.)  It appears to have no employees in Tennessee, but for Mr. Hoyle—the inventor named on the asserted patents—who has an interest in this litigation.  (*Id.* Ex. 1.)  According to the United States Patent and Trademark Office, however, this witness—at least as late as June of 2012—resided in New Orleans, Louisiana.  (*Id.* Ex. 2.)  In any event, the disruption to the large number of employees from Amazon, and the other 18 defendants, who may be forced to leave their homes and jobs to testify in Tennessee is hardly offset by any inconvenience to Mr. Hoyle, who has an interest in this litigation, if he must travel to California—the home of most of the relevant witnesses and the majority of other defendants sued by B.E. in this district—and the location of B.E.'s lead counsel.  This factor weighs strongly in favor of transfer to the Northern District of California.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses Strongly Favors Transfer.

A court's subpoena power over potential witnesses is generally limited by Federal Rule of Civil Procedure 45(c)(3)(A)(ii), which bars a court from commanding non-party witnesses to travel more than 100 miles from their home or business (unless otherwise allowed by state law).  Given this strict limitation, the availability of compulsory process to secure the attendance of non-party witnesses is a factor that, here, weighs heavily in favor of transfer.  *See, e.g., Genentech*, 566 F.3d at 1345 ("The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly"); *Just Intellectuals*, 2010 WL 5129014, at *3 (ordering transfer in part on presence of likely third-party witnesses in the Northern District of California).

Amazon is aware of no relevant third-party witnesses residing in the Western District of Tennessee.  The attorney who prosecuted the asserted patents is located in Troy, Michigan and his law firm has offices only in Michigan and Texas and none in Tennessee.  (Hudson Decl.

Exs. 4 and 7.)  At the time the asserted patent applications were applied for and prosecuted, B.E. was based in Michigan with no presence in Tennessee, and any of its former employees who may have knowledge relating to the lawsuit are likely located in Michigan and not Tennessee. (*Id*. Ex. 6; Amended Complaint Exs. A-B.)  Indeed, B.E.'s former CEO resides in Bay City, Michigan.  (*Id*. Ex. 11.)  At the time the patent applications were filed and prosecuted, Mr. Hoyle was based in Louisiana and his recent patent filings suggest he is still based there.  (*Id*. Ex. 2.)

Amazon and other defendants are in the process of identifying the prior art.  No third-party prior art witnesses are known to be located in Tennessee.  By contrast, the parties have already identified at least twelve prior art patents with clear ties to companies (such as Google, Intel, and Verifone) or inventors in the Northern District of California.[3]  These patents name nine different inventors and seven different companies that are based in the Northern District of California.  (*Id*. ¶ 15, Ex. 13.)  The asserted B.E. patents themselves identify on their face several likely prior art witnesses located in the Northern District of California.  (*Id*. ¶ 16.)  To prepare its defenses, Amazon (and other defendants) will need to gather documents and obtain testimony from these individuals and companies in California, and California courts will adjudicate any discovery disputes related to any such subpoenas.

If this case were to remain in the Western District of Tennessee, Amazon would be forced to present critical prior art testimony through deposition transcripts instead of live testimony at trial—which will prejudice its ability to put on an effective defense to the jury.  This prejudice can be effectively remedied only by transferring this case to the Northern District of California where these, and likely many more, relevant third-party witnesses reside and can be compelled to attend trial and testify in person.

---

[3] U.S. Patent Nos. 5,263,164,  5,696,965,  5,710,884,  5,717,923,  5,740,549,  5,794,210, 5,948,061,  6,128,663,  6,151,643,  6,285,985,  6,285,987 and U.S. Patent Publication No. 2001/0011226.

4.    No Practical Problems Favor Litigation in
      This District Over the Northern District
      of California.

No practical concerns here outweigh the substantial benefits discussed above that would result from transferring this case to the Northern District of California.  This case, like all other cases filed by B.E. in this district, is still in its earliest stages.  Discovery has not yet commenced, no scheduling order has been entered, and the Court has not yet been forced to invest significant time in learning about the asserted patents or technology at issue.  This case is ripe for transfer.  All of the other 18 defendants in B.E.'s cases in this district have moved to transfer to the Northern District of California, at least as an alternative.[4]  However, transfer of this case would be appropriate even if the other defendants did not similarly seek transfer.  A plaintiff cannot defeat transfer to a more convenient forum simply by multiplying proceedings in a district.  Indeed, courts recognize that where the remainder of the factors favors transfer, the existence of co-pending litigation, even involving the same patent, cannot defeat transfer.

In *Zimmer Holdings*, the Federal Circuit held that the mere presence of other cases in a district asserting the same patent did not outweigh other convenience factors favoring transfer.  *Zimmer Holdings, Inc.*, 609 F.3d at 1382.  The Federal Circuit noted that each case involved different parties and different accused products and thus, "significantly different discovery, evi-

---

[4] Defendants Google, Motorola, Apple, Facebook, Groupon, Pandora, Barnes & Noble, LinkedIn, Twitter, Sony Computer Entertainment America, Sony Mobile Communications, Sony Electronics, People Media, and Match.com have already filed such motions.  *See* Case No. 2:12-cv-02830, Dkt. No. 22, Case No. 2:12-cv-02866, Dkt. No. 18, Case No. 2:12-cv-02831, Dkt. No. 22, Case No. 2:12-cv-02769, Dkt. No. 30,  Case No. 2:12-cv-02781, Dkt. No. 21, Case No. 2:12-cv-02782, Dkt. No. 19, Case No. 2:12-cv-02823, Dkt. No. 28, Case No. 2:12-cv-02772, Dkt. No. 21, Case No. 2:12-cv-02783, Dkt. No. 30, Case No. 2:12-cv-02826, Dkt. No. 25, Case No. 2:12-cv-02827, Dkt. No. 29, Case No. 2:12-cv-02828, Dkt. No. 24, Case No. 2:12-cv-02833, Dkt. No. 35, Case No. 2:12-cv-02834, Dkt. No. 32.  Defendants Spark Networks, Inc., Microsoft, Samsung Telecommunications, and Samsung Electronics have also filed a motions requesting transfer to their home districts (the Central District of California, the Western District of Washington, and the District of New Jersey), or in the alternative, the Northern District of California.  Case No. 2:12-cv-02832, Dkt. No. 20, Case No. 2:12-cv-02829, Dkt. No. 32, Case No. 2:12-cv-02824, Dkt. No. 27, Case No. 2:12-cv-02825, Dkt. No. 31.

dence, proceedings, and trial." *Id.*; *see also GeoTag, Inc. v. Aromatique, Inc.*, Case No. 2:10-cv-570, Dkt. 585 at 10 (E.D. Tex. Jan. 14, 2013) (transferring cases because "[a]llowing a plaintiff to manufacture venue ['by serially filing cases within a single district'] would undermine the principals underpinning transfer law and the recently enacted America Invents Act"). Similarly here, each B.E. lawsuit names a separate defendant and accuses separate and independent products of each of those defendants.

The Federal Circuit has also cautioned against throwing unrelated defendants "into a mass pit with others to suit plaintiff's convenience. In this connection, the accused defendants—who will surely have competing interests and strategies—are also entitled to present individualized assaults on questions of non-infringement, invalidity and claim construction." *In re EMC Corporation*, 677 F.3d 1351, 1355 (Fed. Cir. 2012) (internal quotations omitted).[5] There is no need, much less a sufficiently compelling need, to keep all of B.E.'s cases in the Western District of Tennessee, especially given Tennessee's tenuous connection to the disputes.

        **B.**      **The Public Factors Also Favor Transfer of This Case to the Northern District of California.**

        **1.**      **Court Congestion is Not a Serious Concern Here and It Does Not Weigh Against Transfer.**

There are no serious concerns regarding court congestion in the Northern District of California that weigh against transfer. Both districts handle patent cases on a regular basis and are equally familiar with the relevant law. In 2011, the median length of time from filing to disposition of a case in the Western District of Tennessee was approximately four months longer than in the Northern District of California. (Hudson Decl. Ex. 14.) Also, judges in the Western District of Tennessee on average had 17 more pending cases than those in the Northern District of California. (*Id.*) While the median length of time to trial is longer in the Northern District of Cali-

---

    [5] In *EMC*, the Federal Circuit was addressing the issue of joinder. Transfer raises similar issues.

fornia, given the shorter time to ultimate disposition, this factor is neutral. *See*, *e.g.*, *United States ex rel. Kairos Scientia, Inc. v. Zinsser Co.*, No. 5:10-CV-383, 2011 WL 127852, at *7 (N.D. Ohio Jan. 14, 2011) (finding that where the median time to trial was shorter, but the average docket of pending cases per judge and the average life span of a case was longer in the transferring district, the "facts favor neither transfer nor retention").

**2.    The Northern District of California Has a
Far More Substantial Interest in the
Adjudication of This Case.**

The Northern District of California has the most interest in the adjudication of this case. Amazon designs and develops the accused Kindle products in its facility in the Northern District of California, and the responsible Amazon engineers live and work there.  (Dean Decl. ¶ 4.)  The Northern District of California has a strong local interest in adjudicating claims calling into question the activities of companies and employees who reside in the district. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (the local interest of a district is strong when a case "calls into question the work and reputation of several individuals residing in or near that district").

The Western District of Tennessee has no similar interests.  Amazon has no relevant operations in Tennessee.  B.E. appears to have no actual operations in Tennessee besides filing lawsuits.  The asserted patents were not conceived in Tennessee and not prosecuted here.  This ephemeral relationship is not sufficient to create a local interest. *See Zimmer Holdings*, 609 F.3d at 1381; *see also In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2010).  Moreover, Tennessee has a strong local interest in preserving its judicial resources for the adjudication of disputes involving bona fide local residents.  Those resources should not be burdened by a plaintiff, with no connections to the state, orchestrating venue for the purposes of filing lawsuits in this district.  In cases where the respective districts' interests are this lopsided, fairness dictates that the district with the actual interest resolve the dispute.

- 14 -

## CONCLUSION

B.E. is orchestrating the facts to create the appearance that venue is appropriate in this district.  Neither B.E., nor any of the 19 defendants B.E. has sued, have any genuine connection to this district.  Allowing this case to go forward here would unnecessarily consume resources that should be preserved for genuine residents of the district, and it would prejudice Amazon by depriving it the right to present a live defense at trial.  Given this, and that all of the private and public interest factors favor transfer, Amazon respectfully moves the Court to transfer this case to the Northern District of California.

February 12, 2013                                    Respectfully, submitted,


                                                     */s/ Glen G. Reid, Jr.*
                                                     Glen G. Reid, Jr. (#8184)
                                                     greid@wyattfirm.com
                                                     Mark Vorder-Bruegge, Jr. (#06389)
                                                     mvorder-bruegge@wyattfirm.com
                                                     **WYATT, TARRANT & COMBS, LLP**
                                                     The Renaissance Center
                                                     1715 Aaron Brenner Dr., Suite 800
                                                     Memphis, TN  38120-4367
                                                     901. 537-1000



J. David Hadden                                      Counsel for Defendant
dhadden@fenwick.com                                  AMAZON DIGITAL SERVICES, INC.
Darren F. Donnelly
ddonnelly@fenwick.com
Saina S. Shamilov
sshamilov@fenwick.com
Ryan J. Marton
rmarton@fenwick.com
Clifford Webb
cwebb@fenwick.com
Justin Hulse
jhulse@fenwick.com
**FENWICK & WEST LLP**
801 California Street, 6th Floor
Mountain View, CA  94041
650.988-8500