UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, LLC, | ) ) ) |
| Plaintiff, | ) ) No.: 2:12-cv-02767-JPM-tmp ) |
| vs. | ) ) **JURY DEMAND** |
| AMAZON DIGITAL SERVICES, INC., | ) ) ) |
| Defendant. | ) ) |

**DECLARATION OF AMANDA HUDSON IN SUPPORT OF
DEFENDANT AMAZON DIGITAL SERVICES, INC.'S
<u>MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)</u>**

I, Amanda Hudson, declare as follows:

1. I am a paralegal at the law firm of Fenwick & West, LLP, counsel for Defendant Amazon Digital Services, Inc. in this matter. I have personal knowledge of the facts set forth herein unless otherwise indicated, and if called to testify, I could and would testify competently to them.

2. Attached hereto as **Exhibit 1** is a true and correct copy of an article dated November 20, 2012 in the Commercial Appeal quoting B.E. Technology's attorney, Robert Freitas, available at http://www.commercialappeal.com/news/2012/nov/20/memphis-area-firm-sues-tech-giants-for-patent/.

3. Attached hereto as **Exhibit 2** is a true and correct copy of a United States Patent application filed on December 16, 2011 listing Martin David Hoyle as the named inventor with a residence of New Orleans, Louisiana.

4. Attached hereto as **Exhibit 3** is a true and correct copy of the homepage of B.E. Technology's lead counsel, Robert Freitas, showing his office location as Redwood Shores, California.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the "contact us" page for the law firm Reising, Ethington, Barnes, Kisselle, P.C. identified as prosecuting the patents at issue in this action.

6. Attached hereto as **Exhibit 5** is a true and correct copy of B.E. Technology's September 6, 2012 business entity registration with the State of Tennessee.

7. Attached hereto as **Exhibit 6** is a true and correct copy of a document entitled Big Easy Technologies, L.L.C. Business Plan dated May 8, 2000.

8. Attached hereto as **Exhibit 7** is a true and correct copy of the assignment status United States Patent No. 6,628,314 listing James Stevens as correspondent.

9. Attached hereto as **Exhibit 8** is a true and correct copy of the assignment status United States Patent No. 6,141,010 listing James Stevens as correspondent.

10. Attached hereto as **Exhibit 9** is a true and correct copy of the assignment status United States Patent No. 6,771,290 listing James Stevens as correspondent.

11. Attached hereto as **Exhibit 10** is a true and correct copy of the law firm profile for James Stevens.

12. Attached hereto as **Exhibit 11** is a true and correct copy of an article from 2001 identifying Mark McKinley as the CEO of Big Easy Technologies in Bay City, Michigan and the LinkedIn profile page for one of Mr. McKinley's current businesses listing its location as Bay City, Michigan.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the www.zillow.com listing for the residence identified as the principal office address on B.E. Technology's business entity registration filed with the State of Tennessee on September 6, 2012, available at http://www.zillow.com/homedetails/116-W-Viking-Dr-Cordova-TN-38018/42289600_zpid/.

14. Pursuant to the flight schedules published by San Jose International Airport (http://www.flysanjose.com/fl/travelers.php?page=airlines_flights/planning), Oakland International Airport (http://timetables.oag.com/oak/), San Francisco International Airport (http://timetables.oag.com/sfo2/default.asp?lang), Sea-Tac International Airport (http://www.portseattle.org/Sea-Tac/Pages/default.aspx) and Memphis International Airport (http://www.mscaa.com/flight/tracker), there are no direct passenger flights between airports in San Jose, Oakland, San Francisco or Seattle, on the one hand, and Memphis, Tennessee on the other. There are multiple direct flights offered several times a day between Seattle and all major airports located in the Northern District of California. Air-travel time between Seattle and the Northern District is approximately two hours.

15. U.S. Patent Nos. 5,263,164; 5,696,965; 5,710,884; 5,717,923; 5,740,549; 5,794,210; 5,948,061; 6,128,663; 6,151,643; 6,285,985; 6,285,987; and U.S. Patent Publication No. 2001/0011226, identified as prior art in Apple Inc.'s motion to transfer to the Northern District of California in related B.E. Technology litigation in this District, list nine different inventors and seven different companies in the Northern District of California. Included in these seven different companies is Google, Inc. to whom United States Patent No. 5,948,061 was assigned. Attached hereto as **Exhibit 13** is a true and correct copy of the assignment status for United States Patent No. 5,948,061.

16. In addition to the patents identified above, B.E.'s related '314, '010, and '290 Patents disclose United States Patent Nos. 5,890,172; 5,917,491; and 5,963,208 as prior art, all of which list distinct inventors or assignees in the Northern District of California.

17. Attached hereto as **Exhibit 14** are true and correct copies of caseload and case disposition statistics for the Northern District of California and the Western District of Tennessee, also available at http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics.aspx.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 11, 2013, in Mountain View, California.

Amanda Hudson