UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, LLC, | ) ) ) |
| Plaintiff, | ) Case No. 2:12-cv-02767-JPM-tmp ) |
| v. | ) JURY DEMAND ) |
| AMAZON DIGITAL SERVICES, INC. | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OF FACTS AND LAW IN SUPPORT OF
<u>DEFENDANT AMAZON DIGITAL SERVICES, INC.'S MOTION FOR STAY.</u>**

Defendant Amazon Digital Services, Inc. ("Amazon") respectfully moves for a stay of the proceedings pending the Court's ruling on Amazon's Motion to Transfer Venue to the Northern District of California. (Dkt. 43.) While the Court considers Amazon's motion, and similar motions filed by defendants in the related cases,[1] the Local Rules of the Western District of Tennessee impose multiple deadlines on the parties and the Court.[2] The Federal Circuit has explained, however, that any proceedings on the merits should take place in the proper forum and has suggested that in situations such as here, where the parties have sought transfer to a more convenient forum, the district court should stay all proceedings pending resolution of the motions to transfer. *See, e.g., In re Fusion-IO*, 2012 U.S. LEXIS 26311 (Fed. Cir. Dec. 21, 2012) (non-precedential) (directing the district court to address a motion to transfer before proceedings on

---

[1] Case No. 2:2012-cv-02769, Dkt. 29; Case No. 2:2012-cv-02781, Dkt. 21; Case No. 2:2012-cv-02782, Dkt. 19; Case No. 2:2012-cv-02772, Dkt. 36; Case No. 2:12-cv-02783, Dkt. 30; Case No. 2:2012-cv-02823, Dkt. 32; Case No. 2:2012-cv-02824, Dkt. 30; Case No. 2:2012-cv-02825, Dkt. 27; Case No. 2:2012-cv-02826, Dkt. 25; Case No. 2:2012-cv-02827, Dkt. 29; Case No. 2:2012-cv-02828, Dkt. 24; Case No. 2:2012-cv-02829, Dkt. 30; Case No. 2:2012-cv-02830, Dkt. 22; Case No. 2:2012-cv-02831, Dkt. 22; Case No. 2:2012-cv-02832, Dkt. 20; Case No. 2:2012-cv-02833, Dkt. 35; Case No. 2:2012-cv-02834, Dkt. 32; Case No. 2:2012-cv-02866, Dkt. 18.

[2] For example, Amazons's Preliminary Non-Infringement Contentions are due on February 28, 2013 and its Invalidity and Unenforceability Contentions are due on April 10, 2013.

the merits of the case and directing the moving party to file a motion to stay all proceedings until the motion to transfer is decided).

Pursuant to the Federal Circuit's direction, many of the defendants in the related cases have filed and all the remainder are expected to file, motions to stay proceedings pending decisions on transfer, and the Court has already granted a number of those motions[3]. As explained in those motions, a stay of reasonable duration while the Court decides the pending motions to transfer will serve the purposes of the venue statute, promote judicial economy, and ensure that the substantive proceedings will take place in the proper forum. *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); 28 U.S.C. § 1404(a). Amazon agrees and to avoid burdening the Court with a substantially duplicative submission, incorporates by reference the positions set forth by other defendants (Samsung, Facebook, Groupon, Sony, Google, Motorola, and Pandora) in their motions to stay and accompanying memoranda and exhibits.[4]

For the above reasons, Amazon respectfully requests that this Court grant its motion to stay all proceedings in this action, including those called for in the Local Patent Rules, until the resolution of its motion to transfer.

Respectfully submitted,

s/Mark Vorder-Bruegge, Jr.
Mark Vorder-Bruegge, Jr. (#06389)
Glen G. Reid, Jr. (#8184)
mvorder-bruegge@wyattfirm.com
greid@wyattfirm.com
**WYATT, TARRANT & COMBS, LLP**
The Renaissance Center
1715 Aaron Brenner Dr., Suite 800

---

[3] E.g., Case No. 2:12-cv-02769, Dkt. 37 & 43; Case No. 2:12-cv-02825, Dkt. 34 & 37; Case No. 2:12-cv-02782, Dkt. 35 & 36; Case No. 2:12-cv-02824, Dkt. 30 & 33.

[4] While the Preliminary Infringement Contentions received by Amazon on January 14, 2013 are somewhat less voluminous than those referred to by Samsung, Sony, and Motorola, they are still more than 800 pages and will similarly require substantial effort to address in Amazon's upcoming Preliminary Non-Infringement Contentions.

-3-

Memphis, TN 38120-4367
(901) 537-1000

**-and-**

J. David Hadden
dhadden@fenwick.com
Darren F. Donnelly
ddonnelly@fenwick.com
Saina S. Shamilov
sshamilov@fenwick.com
Ryan J. Marton
rmarton@fenwick.com
Clifford Web
cweb@fenwick.com
Justin Hulse
jhulse@fenwick.com
**FENWICK & WEST LLP**
801 California Street, 6th Floor
Mountain View, CA  94041
(650) 988-8500

**Attorneys for Defendant
AMAZON DIGITAL SERVICES, INC.**

60324350.1