```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
```

```
B.E. TECHNOLOGY, LLC,           )
                                )
     Plaintiff,                 )
                                )
v.                              )     No.: 2:12-cv-02767-JPM-cgc
                                )
AMAZON DIGITAL SERVICES, INC.,  )
                                )
     Defendant.                 )
```

**ORDER GRANTING DEFENDANT'S MOTION TO STAY**

Before the Court is Defendant Amazon Digital Services, Inc.'s ("Defendant") Motion To Stay Proceedings Pending Resolution of its Motion To Transfer (ECF No. 44), filed February 12, 2013.  For the reasons that follow, the Motion is GRANTED.

"The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary."  <u>Ellis v. Merck & Co., Inc.</u>, 06-1005-T/AN, 2006 WL 448694 (W.D. Tenn. Feb. 19, 2006).  The Court is tasked with "control[ling] the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  <u>Gray v. Bush</u>, 628 F.3d 779, 786 (6th Cir. 2010) (quoting <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936)) (internal quotation marks omitted).  Applying this power in a

recent patent case, the United States Court of Appeals for the Federal Circuit directed the litigants to file a motion to stay proceedings and for the district court to decide the motion to stay and a pending motion to transfer venue "before proceeding to any motion on the merits of the action." In re Fusion-IO, Inc., 489 Fed. App'x 465, 465 (Fed. Cir. 2012).

The instant case presents a similar set of circumstances. Plaintiff B.E. Technology, LLC, filed a patent-infringement action against Defendant on September 7, 2012. (ECF No. 1.) Defendant filed a Motion To Dismiss on January 7, 2013 (ECF No. 32), and a Motion To Change Venue on February 12, 2013 (ECF No. 43), seeking transfer to the United States District Court for the Northern District of California. Staying the proceedings — including the Local Patent Rule disclosures and fact discovery — will allow the Court to properly decide the pending Motion to Change Venue in light of judicial economy and comity. See McDonnell Douglas Corp. v. Polin, 429 F.2d 30, 31 (3d Cir. 1970) ("Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected . . . .").

2

Therefore, the Court orders that all proceedings — including Local Patent Rule disclosures and fact discovery — are hereby stayed pending the outcome of Defendant's Motion To Change Venue and further Order by the Court.

**IT IS SO ORDERED** this 12th day of February, 2013.

s/ Jon P. McCalla_____<br>
CHIEF U.S. DISTRICT JUDGE