# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 2:12-cv-02767 JPM tmp** |
| v. | ) | |
| | ) | **JURY DEMAND** |
| AMAZON DIGITAL SERVICES, INC., | ) | |
| | ) | **REQUEST HEARING ON MOTION** |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

Dated:  March 1, 2013

Richard M. Carter (TN B.P.R. #7285)
Adam C. Simpson (TN B.P.R. #24705)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Avenue, Suite 1000
Memphis, TN 38119-4839
Telephone:  (901) 522-9000

Robert E. Freitas (CA Bar No. 80948)
Craig R. Kaufman (CA Bar No. 159458)
Daniel J. Weinberg (CA Bar No. 227159)
James Lin (CA Bar No. 241472)
Qudus B. Olaniran (CA Bar No. 267838)
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA  94065
Telephone:  (650) 593-6300

Attorneys for Plaintiff
B.E. Technology, L.L.C.

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................... 1

II.     STATEMENT OF FACTS ...................................................................................... 2

    A.      B.E. Technology, L.L.C ............................................................................ 2

    B.      B.E. v. Amazon ......................................................................................... 3

III.    THE LAW GOVERNING MOTIONS TO TRANSFER .................................. 3

IV.     TRANSFER IS NOT APPROPRIATE ................................................................ 4

    A.      B.E.'s Choice of Forum is Entitled to Substantial Weight ..................... 5

    B.      Private Factors Favor B.E.'s Choice of Forum ........................................ 8

        1.      Convenience of the Parties Weighs Against Transfer .............. 9

        2.      Convenience of the Witnesses Weighs Against Transfer ........ 9

            a.      Party Witnesses ............................................................ 10

            b.      Non-Party Witnesses ................................................... 12

        3.      Location of Sources of Proof ..................................................... 14

        4.      Amazon Would Not Be Materially Burdened Bearing The Expense
            of Litigating in the Western District of Tennessee ................... 16

    C.      Public Factors Favor B.E.'s Choice of Forum ...................................... 16

        1.      Transfer to the Northern District of California Would Delay Trial ......... 16

        2.      The Western District of Tennessee Has a Substantial Local Interest
            in the Vindication of B.E.'s Patent Rights ................................. 17

V.      REQUEST FOR ORAL ARGUMENT ......................................................... 18

VI.     CONCLUSION................................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Adoma v. Univ. of Phoenix, Inc.*,
   711 F. Supp. 2d 1142 (E.D. Cal. 2010)................................................................10

*American S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge North Am., Inc.*,
   474 F. Supp. 2d 474 (S.D.N.Y. 2002)..................................................................15

*Board of Trs. v. Baylor Heading & Air Conditioning, Inc.*,
   702 F. Supp. 1253 (E.D. Va. 1988) .....................................................................10

*Cincinnati Ins. Co. v. O'Leary Paint Co.*,
   676 F. Supp. 2d 623 (W.D. Mich. 2009) ..............................................................15

*E2Interactive, Inc. v. Blackhawk Network, Inc.*,
   2010 WL 3937911 (W.D. Wis. Oct. 6, 2010).................................................16, 17

*Ellipsis, Inc. v. Colorworks, Inc.*,
   329 F. Supp. 2d 962 (W.D. Tenn. 2004)...............................................................16

*Esperson v. Trugreen Ltd. P'ship*,
   2010 WL 4362794 (W.D. Tenn. Oct. 5, 2010)...........................................10, 11, 16

*Hanning v. New England Mut. Life Ins. Co.*,
   710 F. Supp. 213 (S.D. Ohio 1989) .......................................................................5

*Hunter Fan Co. v. Minka Lighting, Inc.*,
   2006 WL 1627746 (W.D. Tenn. June 12, 2006) ............................................ *passim*

*Imagepoint, Inc. v. Keyser Indus., Inc.*,
   2005 WL 1242067 (E.D. Tenn. May 25, 2005).......................................................5

*Innogenetics, N.V. v. Abbott Labs*,
   512 F.3d 1363 (Fed. Cir. 2008)......................................................................12, 13

*Kerobo v. Southwestern Clean Fuels Corp.*,
   285 F.3d 531 (6th Cir. 2002) ................................................................................3

*Koh v. Microtek Int'l, Inc.*,
   250 F. Supp. 2d 627 (E.D. Va. 2003) ..................................................................10

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011)...........................................................................15

*Lucent Techs., Inc. v. Aspect Telecomms. Corp.*,
   1997 WL 476356 (E.D. Pa. Aug. 20, 1997) ............................................................9

# TABLE OF AUTHORITIES
## (Cont.)

**Page(s)**

### Federal Cases

*Max Rack, Inc. v. Hoist Fitness Sys., Inc.*,
  2006 WL 640497 (S.D. Ohio March 10, 2006) ....................................................14

*MCNIC Oil & Gas Co. v. IBEX Resources Co., L.L.C.*,
  23 F. Supp. 2d 729 (E.D. Mich. 1998) ...............................................................4

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011)...........................................................................7

*Moses v. Business Card Express, Inc.*,
  929 F.2d 1131 (6th Cir. 1991) ............................................................................4

*Nationwide Mut. Life Ins. v. Koresko*,
  2007 WL 2713783 (S.D. Ohio Sept. 14, 2007) ...............................................3, 15

*Parsons v. Chesapeake & Ohio Ry. Co.*,
  375 U.S. 71 (1963)..............................................................................................16

*Returns Distribution Spec., LLC v. Playtex Prods., Inc.*,
  2003 WL 21244142 (W.D. Tenn. May 28, 2003) ...............................................4

*Roberts Metals, Inc. v. Florida Props. Mktg. Grp., Inc.*,
  138 F.R.D. 89, 93 (N.D. Ohio 1991) ............................................................10, 11

*Samsung Elecs. Co. v. Rambus, Inc.*,
  386 F. Supp. 2d 708 (E.D. Va. 2005) .................................................................10

*Siteworks Solutions, LLC v. Oracle Corp.*,
  2008 WL 4415075 (W.D. Tenn. Sept. 22, 2008).................................................16

*Stewart Organization, Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988)................................................................................................4

*Tuna Processors, Inc. v. Hawaii Int'l Seafood*,
  408 F. Supp. 2d 358 (E.D. Mich. 2005)...............................................................4

*Van Dusen v. Barrack*,
  376 U.S. 612 (1964)..............................................................................................4

*Virton Int'l Corp. v. David Boland, Inc.*,
  237 F. Supp. 2d 812 (W.D. Mich. 2002) ............................................................11

## TABLE OF AUTHORITIES
### (Cont.)

**Page(s)**

### Federal Statutes

28 U.S.C. § 1404.................................................................................................1, 2, 3

28 U.S.C. § 1404(a).............................................................................................3, 19

### Rules

Fed. R. Civ. P. 45(b)(2)...........................................................................................13

I.      **INTRODUCTION.**

This case arises from the infringement by defendant Amazon Digital Services, Inc.

("Amazon") of United States Patents 6,141,010 and 6,771,290.  Plaintiff B.E. Technology,

L.L.C. ("B.E.") has brought this action because Amazon has infringed B.E.'s patents in this

District and across the United States.  The inventor, Martin David Hoyle, is also the Chief

Executive Officer of B.E.  Mr. Hoyle has lived in the Western District of Tennessee since 2006

and currently resides at 116 W. Viking Drive, Cordova, Tennessee, part of the City of Memphis.

Mr. Hoyle has directed B.E.'s business from this District since at least 2008.

Ignoring these facts, Amazon asks this Court to transfer the case from the Western

District of Tennessee to the Northern District of California.  Amazon states that "B.E. is

orchestrating the facts to create the appearance that venue is appropriate in this district," D.E. 43-

1 at 15, because a December 2011 patent application that identifies New Orleans as Mr. Hoyle's

residence "suggests" Mr. Hoyle "is still based there," and he and/or B.E. are not "genuine"

residents of this District.  *Id*. at 11, 15.  But the Western District of Tennessee is, and has long

been, the physical location and home of B.E. and its Chief Executive Officer.  Amazon cannot

disprove that.  And while Amazon may point to one patent application that lists New Orleans as

Mr. Hoyle's residence, Amazon makes no mention of three other B.E. patent applications that

identify Mr. Hoyle's residence as Eads, Tennessee (where he lived before his move to Cordova).

In addition to trivializing Mr. Hoyle's and B.E.'s longstanding connection to this District,

Amazon argues that transfer to the Northern District of California would be more convenient

because, despite being headquartered in Seattle, the Amazon facilities relevant to this case are

located in Cupertino, California.  Transfer to California might in some ways be more convenient

for Amazon, but it would be less convenient for B.E.  Transfer under 28 U.S.C. § 1404 requires a

"more convenient forum," not merely a "forum likely to prove equally convenient or

1

inconvenient," or "a forum the defendant finds more to its liking."  Because Amazon can offer

no more, its motion to transfer should be denied.

## II.      STATEMENT OF FACTS.

### A.      B.E. Technology, L.L.C.

B.E. is a Delaware limited liability company.  Declaration of Martin David Hoyle

("Hoyle Decl.") ¶ 5.  Martin David Hoyle, who goes by David, founded B.E. in 1997 to develop

Internet-related technologies.  *Id*.  B.E. is the assignee of United States Patents 6,141,010 (the

"'010 patent") and 6,771,290 (the "'290 patent") (together, the "patents-in-suit").  *Id*. ¶ 7.  Mr.

Hoyle has been B.E.'s Chief Executive Officer since 2008.  *Id*. ¶ 6.  He previously held other

positions with B.E., including serving as its President from 1997 to 2001.  *Id*.  Mr. Hoyle is the

named inventor of the patents-in-suit.[1]  *Id*. ¶ 7.

In April 2006, Mr. Hoyle and his family moved from Mandeville, Louisiana to Eads,

Tennessee.  *Id*. ¶ 2.  They left Louisiana in the aftermath of Hurricane Katrina.  *Id*.  Mr. Hoyle

has remained in the Memphis area, and in this judicial district, ever since.  *See id.* ¶¶ 2-4.  In

2012, after contemplating a return to Louisiana, Mr. Hoyle and his wife moved to Cordova, in

the city of Memphis and also in this District.  *Id. ¶* 4.

B.E. originally maintained its registered office in Michigan where some of its members

and its accountant reside, *id.* ¶ 5, but it formally registered to conduct business in Tennessee in

2012.  *Id*. ¶ 8.  Mr. Hoyle runs the business of B.E. from his home office, including meeting with

the B.E. Board of Directors, filing patent applications, and coordinating the enforcement of

B.E.'s intellectual property rights.  *Id*. ¶ 6.

---

[1] In addition to his work for B.E., Mr. Hoyle is an independent technology consultant.  Hoyle
Decl. ¶ 9.

B.E. also is the assignee of patent applications filed in January and March 2010 and May 2011.  Declaration of Qudus B. Olaniran ("Olaniran Decl."), Exs. A-C.  Each application identifies Mr. Hoyle as the inventor and identifies his residence as Eads, Tennessee.  *Id.*

**B.      *B.E. v. Amazon.***

B.E. filed its original Complaint in this matter on September 7, 2012, and filed an Amended Complaint on September 20, 2012.  D.E. 1 & 9.  This is one of nineteen cases B.E. has filed in the Western District of Tennessee for the infringement of the patents-in-suit and a related patent not asserted against Amazon.  The defendants in these cases include several of the world's most sophisticated technology companies, each of which regularly conducts business on a massive scale in this District.  Unlike the other 18 B.E. defendants that have answered B.E.'s complaints, Amazon contends the Amended Complaint fails to state a claim upon which relief can be granted because the patents-in-suit are invalid.  D.E. 32-1, 43-1 at 2.

## III.    THE LAW GOVERNING MOTIONS TO TRANSFER.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  A decision to transfer venue is made "on an individual basis by considering convenience and fairness."  *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002) (internal quotes omitted).  The "balance of convenience must weigh heavily in favor of the transfer."  *Nationwide Mut. Life Ins. v. Koresko*, 2007 WL 2713783, at *5 (S.D. Ohio Sept. 14, 2007).

"As a general rule, there is a 'strong presumption' in favor of the plaintiff's selection of forum, and the plaintiff's choice should not be altered 'unless the defendant carries his burden of demonstrating that the balance of convenience strongly favors transfer.'"  *Hunter Fan Co. v. Minka Lighting, Inc.*, 2006 WL 1627746, at * 2 (W.D. Tenn. June 12, 2006) (McCalla, J.)

(quoting *Plough, Inc. v. Allergan, Inc.*, 741 F. Supp. 144, 148 (W.D. Tenn. 1990)) (denying a

motion to transfer even though the majority of defendant's witnesses and documents were

located in California and California was the epicenter of the accused infringing activity).  "When

a plaintiff has selected its home forum, this choice is given particular weight." *Id.* (citing *Tuna*

*Processors, Inc. v. Hawaii Int'l Seafood*, 408 F. Supp. 2d 358, 360 (E.D. Mich. 2005)).

      The threshold question on any motion to transfer is whether the plaintiff could have filed

the action in the transferee forum.  *See Returns Distribution Spec., LLC v. Playtex Prods., Inc.*,

2003 WL 21244142, at *6 (W.D. Tenn. May 28, 2003); *MCNIC Oil & Gas Co. v. IBEX*

*Resources Co., L.L.C.*, 23 F. Supp. 2d 729, 739 (E.D. Mich. 1998) (same).  If so, then the

"district court should consider the private interests of the parties, including their convenience and

the convenience of potential witnesses, as well as other public-interest concerns, such as

systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moses v.*

*Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart*

*Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)).

## IV.    TRANSFER IS NOT APPROPRIATE.

      B.E. agrees that its patent infringement claims *could have* been brought in the Northern

District of California because Amazon infringes there, just as it does in this District.  The

relevant question presented by Amazon's motion is therefore whether Amazon has met its high

burden to establish that the Northern District of California is "a more convenient forum," not

merely an "equally convenient or inconvenient" forum when compared to the Western District of

Tennessee.  *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964).  Amazon has not made that

showing.

A.      B.E.'s Choice of Forum is Entitled to Substantial Weight.

As mentioned above, it is well-settled that a plaintiff's choice of forum is entitled to

substantial weight.  *Hunter Fan Co.*, 2006 WL 1627746, at *2; *see also Imagepoint, Inc. v.*

*Keyser Indus., Inc.*, 2005 WL 1242067, at *3 (E.D. Tenn. May 25, 2005) (explaining the

plaintiff's "choice of forum will be given deference"); *Hanning v. New England Mut. Life Ins.*

*Co.*, 710 F. Supp. 213, 214-15 (S.D. Ohio 1989) ("considerable weight").  The Western District

of Tennessee is B.E.'s principal place of business and its Chief Executive Officer, who is the

named inventor, lives here.  B.E.'s choice of forum should be accorded substantial weight.

Amazon argues that B.E.'s choice of venue should be "subject to much closer scrutiny"

because its "presence in [the] venue appears to be recent, ephemeral, and an artifact of

litigation."  D.E. 43-1 at 7 (internal quotations and citations omitted).  B.E.'s presence in the

Western District of Tennessee is none of those but B.E. welcomes close scrutiny of the facts

establishing its connection to this District and Amazon's distortions of those facts to further its

forum shopping narrative.

***Mr. Hoyle lives in the Western District of Tennessee and operates B.E. from his home***

***office in Cordova.***  *See* Hoyle Decl. ¶¶ 2-6.  Mr. Hoyle moved to this District six years before

the filing of this or any other action.  *Id*. ¶ 2.  He has been physically present in this District since

2006.  *Id*. ¶¶ 2-4.  Amazon contends that Mr. Hoyle's "recent patent filings suggest he is still

based" in Louisiana.  D.E. 43-1 at 11 (relying on a December 2011 patent application that lists

his residence as New Orleans).  Amazon's incorrect conclusion ignores Mr. Hoyle's personal

situation and the circumstances that led him briefly to seek to establish residence in New Orleans

around the time the December 2011 patent application was filed.  *See* Hoyle Decl. ¶ 4

(explaining that "[o]ver time, [he] considered a return to Louisiana" and "[d]uring part of the

time [he] was living in Eads, [he] planned to return to Louisiana and took steps to establish

residence there while [his] non-B.E. work required [his] presence in the Memphis area"). Amazon presents no information that demonstrates Mr. Hoyle's statements in this Court are inconsistent with the representation made to the Patent Office about his residency and it identifies no other patent "*filings*" that "suggest" he lives in New Orleans. To the contrary, Mr. Hoyle regularly represented to the Patent Office in other patent applications that his residence was Eads, consistent with the fact that he lived there. Olaniran Decl. Exs. A-C (2010 and 2011 patent applications). And while Mr. Hoyle personally considered his residence to be New Orleans around the time the December 2011 patent application was filed (even though he was present in Eads), he obviously considered his residence to be within this District before that time (as evidenced by the other patent filings) and after when, in February 2012, he and his wife elected to remain in Tennessee and purchased their home in Cordova. Hoyle Decl. ¶ 4. Amazon's distortion that Mr. Hoyle resided in New Orleans "at least as late as June of 2012" is inexcusable. The patent application that is the basis for Amazon's New Orleans conjecture was *published* in June 2012. There is no argument or evidence that the date of publication corresponds to any representations by Mr. Hoyle about his residence or physical location. In fact, Mr. Hoyle had no duty to update his address with the Patent Office after the December 2011 filing because he gave a Power of Attorney to the prosecuting attorney whose mailing address was used for all correspondence. *See* Olaniran Decl. Ex. D. Mr. Hoyle is a resident of this District and his presence and residence here have nothing at all do with a desire to manufacture venue.

B.E. has been in this District since at least 2008[2] when Mr. Hoyle became Chief

Executive Officer and took control of the company.  Hoyle Decl. ¶¶ 2-7.  He operates B.E. from

his home office in Cordova.  *Id.* ¶ 6.  He conducts meetings with the board of directors,

participates in the prosecution of patents assigned to B.E., and coordinates the enforcement of

B.E.'s intellectual property.  *Id*.  Amazon cannot dispute this, and simply ignores it, but

nonetheless contends that B.E. made a "last minute prelitigation 'relocation'" by filing "business

registration papers with this State."  D.E. 43-1 at 1.  The filing of a business registration does not

establish when a company began business operations in a particular state and Amazon cites no

authority or regulation establishing that B.E. was required to register sooner than it did or that the

existence of a business registration is relevant to demonstrating a plaintiff's connection to a

chosen forum.  To the contrary, courts are instructed to identify the company's "'nerve center[,]'

the place of actual direction, control and coordination."  *In re Microsoft Corp.*, 630 F.3d 1361,

1364 (Fed. Cir. 2011).  Mr. Hoyle's office is B.E.'s "nerve center."  It is and has been the place

from which he has controlled and directed B.E. business activities since at least 2008.  Hoyle

Decl. ¶ 6.  Amazon can muster no evidence to the contrary.

More importantly, B.E. does not rely on the fact that it is registered to conduct business

in Tennessee as a basis for establishing its connection to the District.  Amazon ignores this too,

going so far as to state that B.E's "sole purported connection to Tennessee is its business

registration—created the day before this lawsuit was filed."  D.E. 43-1 at 1.  B.E. registered

because it has a connection to Tennessee; it did not register to establish a connection.  If the

---

[2] It could be said that B.E. has been present in this District since 2006 because Mr. Hoyle co-managed the company from here from 2006 to 2008.  Hoyle Decl. ¶ 6.  But for purposes of this motion, it is unnecessary to debate whether B.E. began operating from this District in 2006 or 2008 since either establishes a sufficient duration to overcome the contention that B.E.'s presence in the District is "recent, ephemeral, and an artifact of litigation."

timing of B.E.'s registration is to be questioned, it should be understood that the registration was made after Mr. Hoyle chose to remain in Tennessee, rather than return to Louisiana.  Hoyle Decl. ¶ 4.  When B.E. was preparing to file this action and Mr. Hoyle discovered that B.E. had not registered to do business in Tennessee, the registration was made.  *Id*. ¶ 8.  Regardless, B.E. does not contend that its contacts with the forum are established by its registration.

Finally, B.E.'s relevant business records, including documents demonstrating the conception and reduction to practice of Mr. Hoyle's inventions, are physically located in the Western District of Tennessee.  Hoyle Decl. ¶ 7.  Amazon wrongly contends that "[n]ot a single relevant document is known to be located in this district."  D.E. 43-1 at 1 & 8 ("Very little, if any [documents and information relating to this case], is located in this district.").  These statements, whether based on some speculative interpretation of a nearly thirteen year old B.E. business plan or just a desperation to flee Tennessee, have no basis in the facts.  When closely scrutinized, it is clear B.E.'s contacts with the forum were not manufactured for litigation and as a result, its choice of forum is entitled to "substantial weight."

### B.    Private Factors Favor B.E.'s Choice of Forum.

While B.E.'s choice of forum is entitled to substantial weight, the Court is nevertheless required to evaluate private and public factors in determining whether to grant Amazon's motion.  "The private interests of the parties that courts consider when determining whether to transfer a case include: the convenience of the parties, the convenience of witnesses, the location of sources of proof, where the operative facts occurred, the relative ability of litigants to bear expenses in any particular forum, and other practical problems affecting the case."  *Hunter Fan*, 2006 WL 1627746, at *2.

### 1.   Convenience of the Parties Weighs Against Transfer.

The Western District of Tennessee is more convenient for B.E. than the Northern District of California.  As previously explained, B.E. and its CEO, the inventor of the patents-in-suit, reside within the District.  B.E.'s corporate documents and records are here as well.  Outside of witness convenience, Amazon does not make an explicit argument that it will be inconvenienced by conducting litigation in Tennessee.  It is reasonable to require companies with the wealth and size of Amazon to litigate in jurisdictions in which they regularly conduct business.  *See Lucent Techs., Inc. v. Aspect Telecomms. Corp.*, 1997 WL 476356, at *4  (E.D. Pa. Aug. 20, 1997) (finding it reasonable to force a public company with "\$300 million a year in sales and approximately \$216 million in current assets, to travel to places where it is subject to jurisdiction in order to defend its corporate interests").  Amazon's parent company, Amazon.com, Inc. (D.E. 21) is a large and wealthy company.  It reported for the fiscal quarter ending September 30, 2012 that it generated \$13,806,000,000 in total net sales.  Olaniran Decl., Ex. E.  Amazon further reported \$22,834,000,000 in total assets, including \$2,980,000,000 in cash and cash equivalents.  As of February 28, 2013, Amazon had a market capitalization of \$120,120,000,000, and, to defend it in this action, it has retained lawyers from Memphis and Mountain View, California.  It is doubtful that Amazon will suffer hardship or inconvenience by litigating in the Western District of Tennessee.

### 2.   Convenience of the Witnesses Weighs Against Transfer.

Amazon argues that the Northern District of California would be a more convenient venue for its own witnesses because, "[s]imply put, it is more efficient and convenient and less disruptive for witnesses to testify at home . . . ."  D.E. 43-1 at 9.  By the same logic, transfer to the Northern District of California would be equally inconvenient to B.E.'s witnesses, none of whom is located in the Northern District of California.  Moreover, Amazon offers precious little

about whom the witnesses are that will be inconvenienced by the case staying in Tennessee, what they will say, and why they are important to this case.  "To sustain a finding on [the convenience of the witnesses] . . .  the party asserting witness inconvenience 'has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential trial testimony to enable the court to assess the materiality of evidence and the degree of inconvenience.'"  *Rinks*, 2011 WL 691242, at *3 (quoting *Koh v. Microtek Int'l, Inc.*, 250 F. Supp. 2d 627, 636 (E.D. Va. 2003)); *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 718 (E.D. Va. 2005) (same).  District courts typically require affidavits or declarations that contain admissible evidence setting forth "who the key witnesses will be and what their testimony will generally include."  *Rinks*, 2011 WL 691242, at *3 (quoting *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010)); *see also Board of Trs. v. Baylor Heading & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1258 (E.D. Va. 1988) ("Witness convenience . . . cannot be assessed in the absence of reliable information identifying the witnesses involved and specifically describing their testimony.").  Amazon provides none of that.

### a.  Party Witnesses.

Amazon claims that the employees with knowledge relevant to this litigation are located in Cupertino, California or Seattle.  Declaration of Jeffrey H. Dean ("Dean Decl.") ¶¶ 4-5.  But Amazon offers no particularized information enabling the Court to ascertain how much weight to give the claim of inconvenience.  Amazon fails to identify any witnesses by name, position title, location, the subject matter on which they will testify, or the burdens they would endure by traveling to Tennessee to testify.  "[A] party that 'fails to identify the witnesses' and 'what their testimony would be' cannot establish that a particular forum is inconvenient."  *Esperson v. Trugreen Ltd. P'ship*, 2010 WL 4362794, at *8 (W.D. Tenn. Oct. 5, 2010) (quoting *Roberts Metals, Inc. v. Florida Props. Mktg. Grp., Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991), *aff'd per*

*curiam*, 22 F.2d 1104 (6th Cir. 1994)).  Similarly, Amazon makes a pure numbers argument, contending that the disruption—which it does not describe—to "the large number of employees from Amazon, and the other 18 defendants," outweighs any disruption to Mr. Hoyle.  D.E. 43-1 at 10.  But it is "the materiality and importance of the testimony of prospective witnesses, and not merely the number of witnesses, [that] is crucial to this inquiry."  *Rinks*, 2011 WL 691242 at *3 (citing *Virton Int'l Corp. v. David Boland, Inc.*, 237 F. Supp. 2d 812, 816 (W.D. Mich. 2002)).  Instead of relying on the fact that B.E. sued 19 defendants to create an imbalance in the total number of overall witnesses that tips in its favor, Amazon should have provided evidence identifying specific witnesses and describing how their testimony is material and important and identifying the specific burdens they purport to face by having to travel to Memphis to testify at trial.  Amazon has provided none of that, and thus has not met its burden to establish the convenience of witnesses weighs in favor of transferring this case.

Amazon also does not provide admissible evidence of the costs expected to be incurred by having to travel from California to Tennessee or the difference in cost of having to travel from Seattle to Memphis instead of Seattle to the Bay Area.  D.E. 43-1 at 9 (referring generally to "costly overnight stays").  Nor does Amazon assert that it will not cover any travel expenses of its employee witnesses or that it would suffer any financial hardship by having to endure the cost.

Amazon also does not provide admissible evidence of how its operations would be disrupted by the case staying in Tennessee.  Amazon merely argues that the "relevant Amazon engineers are important to Amazon's business and their absence for significant periods of time would adversely affect operations."  D.E. 43-1 at 9.  That's it.  Amazon fails to provide the names, position titles, or responsibilities of a single anticipated witness, or the adverse effect

their absence from Washington or California would have on Amazon's business operations.  Nor does Amazon provide any evidence that any witness would have an "absence for significant periods of time," or even what constitutes a "significant period" for purposes of adversely affecting its operations.

Finally, Amazon has not shown that all of its witnesses will necessarily be forced to testify in Tennessee.  Typically, though not always, depositions are taken in locations convenient for the witnesses or subject to agreements between the parties mindful of witness convenience. It is likely that Amazon's California-based employees will be deposed in California where B.E.'s lead counsel is based.  *See Hunter Fan*, 2006 WL 1627746, at *2 (witness convenience does not favor transfer where plaintiff "plans to take the depositions of witnesses who are California residents, including Defendant's employees, in California").

### b.  Non-Party Witnesses.

Amazon next argues that the case should be transferred because "[n]o third-party prior art witnesses are known to be located in Tennessee," and "the other defendants" have "already identified at least twelve prior art patents with clear ties to companies (such as Google, Intel, and Verifone) or inventors in the Northern District of California."  D.E. 43-1 at 11.  The testimony of third-party prior art witnesses is not entitled to great weight where, as here, the movant fails to establish that the third party testimony will be material or important.  *See Rinks*, 2011 WL 691242, at *3 (stating "the materiality and importance of the testimony of the prospective witness" is "crucial to this inquiry").

Amazon identifies eleven United States patents and a patent publication that it contends may be prior art.  D.E. 43-1 at 11, n.3.  Prior art inventor testimony may not be used to vary the words of the alleged prior art and admissible prior art inventor testimony is almost certain to be severely limited by the time of trial.  *See*, e.g., *Innogenetics, N.V. v. Abbott Labs*, 512 F.3d 1363,

1375 (Fed. Cir. 2008) (affirming order limiting prior art inventor's testimony to the "actual words and content" of the patent application).  Therefore, the testimony of these so-called California-based prior art inventors does not weigh in favor of transfer.

Moreover, Amazon fails to establish the current locations of any of the inventors, presumably relying exclusively on the dated information disclosed in the patents themselves. *See* D.E. 43-1 at 11 n.3.  Amazon appears to have made no effort to identify or locate any of the prior art witnesses, despite a burden to present evidence to support its motion to transfer.  Even if the Court were to assume that each inventor and assignee resides in the same location he, she, or it did at the time the patents issued, some of which date back almost 20 years, at least three of the patents list inventors that reside in Oregon—U.S. Patents 5,696,965; 5,710,884; and 5,717,923.

Amazon adds that the availability of compulsory process[3] in California weighs in favor of transfer because in California "these, and likely many more, relevant third-party witnesses reside and can be compelled to attend trial and testify in person."  D.E. 43-1 at 11.  Amazon does not deny that it will be able to subpoena these third-party inventors and assignees to produce documents and appear for depositions in their home districts.  *See* Fed. R. Civ. P. 45(b)(2). Thus, Amazon's stated "need to gather documents and obtain testimony from these individuals and companies in California," can be achieved even if the case stays here.  This will allow Amazon to investigate whether any of these third-parties have relevant prior art, what it is, and whether it is material to the inventions at issue here.  It is true, however, that Amazon will be unable to subpoena some witnesses for trial if the witnesses are unwilling to appear—which Amazon has not established—but Amazon does not address the relevance, materiality, and

---

[3] While Amazon addresses the availability of compulsory process as a separate factor, it is "closely tied to the convenience of witness factor," *Rinks*, 2011 WL 691242, at *4, and B.E. addresses it here.

importance of the testimony any witness who allegedly could not be subpoenaed might give, or explain why the theoretical testimony of those that assertedly could be subpoenaed for a trial in the Northern District of California is more important that the theoretical testimony of the witnesses who were based in Oregon when their patents were issued.  In the absence of compulsory process, the presentation of the third party testimony may "not be live and could therefore be less persuasive," *Rinks*, 2011 WL 691242, at *4, but in the absence of a showing that the potential testimony is material and important, this factor is not entitled to great weight.

### 3. Location of Sources of Proof.

Amazon contends that the location of the sources of proof favors transfer because "[t]echnical documentation and computer source code related to the accused Kindle products—constituting the bulk of discovery to take place in this case—are located in the Northern District of California;" and "[i]nformation related to Amazon's U.S. sales, finances, and marketing operations is maintained in Seattle, substantially closer to the Northern District of California than to Tennessee."  D.E. 43-1 at 7-8 (citing Dean Decl. ¶¶ 4-5).  While perhaps true for Amazon's documents, Amazon ignores that the majority of B.E.'s documents are and for years have been maintained in the Western District of Tennessee.  Therefore, "[a]lthough it might be more convenient for the Defendant to litigate this matter in California because its documents and evidentiary proof are located in California, it would be less convenient for Plaintiff."  *Hunter Fan*, 2006 WL 1627746, at *3; *see also Max Rack, Inc. v. Hoist Fitness Sys., Inc.*, 2006 WL 640497, at *6 (S.D. Ohio March 10, 2006) ("Both parties will be required to provide documentary evidence regarding the patented designs.  Any burden imposed on [defendant] is counter-balanced by the potential burden that would be imposed on [plaintiff] if transferred.").  It is not even the case that all of Amazon's documents can be located in California.

- 14 -

In addition, the location of relevant documentary evidence is increasingly less important in deciding motions to transfer.  "[T]he Court does not view [the location of relevant documentary evidence] as particularly significant given the technological age in which we live, and the widespread use of . . . electronic document production."  *Cincinnati Ins. Co. v. O'Leary Paint Co.*, 676 F. Supp. 2d 623, 635 (W.D. Mich. 2009) (internal citations omitted); *American S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge North Am., Inc.*, 474 F. Supp. 2d 474, 484 (S.D.N.Y. 2002) ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.").  The Federal Circuit even acknowledged these advances in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011), stating "[w]hile advances in technology may alter the weight given to these factors, it is improper to ignore them entirely."  662 F.3d at 1224 (discussing the convenience of witnesses and location of documentary evidence factors).  Amazon does not establish through any admissible evidence that its records are maintained in paper format, and concedes that "source code," which is maintained electronically, will be a critical piece of evidence in this case.  D.E. 43-1 at 7; *see also* Dean Decl. ¶ 4.

Finally, it can be expected that Amazon will eventually produce its documents to B.E.'s lead counsel in California, not to B.E. in Tennessee.  *See, e.g., Koresko*, 2007 WL 2713783, at *5 ("Although Defendant resides in and maintains his only offices in Pennsylvania, Plaintiff offered to accept production of relevant documents at the offices of its counsel in Pennsylvania, eliminating any difficulties associated with producing the relevant evidence in the Southern District of Ohio.").  Transfer to the Northern District of California would merely impose on B.E. the same inconvenience that Amazon, a much larger, wealthier, and more experienced litigant, purportedly seeks to eliminate for itself.  Coupled with the fact that Amazon likely maintains its

documents electronically and can be expected with a high degree of certainty to make its production to B.E.'s California counsel, this factor does not weigh in favor of transfer.

> **4.      Amazon Would Not Be Materially Burdened Bearing The Expense of Litigating in the Western District of Tennessee.**

"The relative ability of litigants to bear expenses in any particular forum" is a factor to be considered in deciding transfer motions. *Ellipsis, Inc. v. Colorworks, Inc.*, 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004); *Siteworks Solutions, LLC v. Oracle Corp.*, 2008 WL 4415075, at *4 (W.D. Tenn. Sept. 22, 2008) (weighing the relative financial strength of the parties).  Amazon does not contend that it is financially incapable of bearing the expense of litigating in the Western District of Tennessee.  B.E., on the other hand, would face a financial burden by having to litigate in the Northern District of California.  Hoyle Decl. ¶ 9.  Likewise, Mr. Hoyle would endure financial loss if he is required to travel to California for this case and forego business opportunities in Tennessee. *Id*.  For these reasons, the Court should deny Amazon's motion to transfer.

> **C.      Public Factors Favor B.E.'s Choice of Forum.**

> **1.      Transfer to the Northern District of California Would Delay Trial.**

The relative docket congestion of the two district courts is an important public interest factor to be weighed in connection with a motion to transfer. *See Esperson*, 2010 WL 4362794, at *10.  The speed with which an action may be resolved is a central consideration when choosing a forum for litigation. *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963).  "Swift resolution can be particularly important in patent cases because delay might frustrate a patent holder's rights and the value of its patent." *E2Interactive, Inc. v. Blackhawk Network, Inc.*, 2010 WL 3937911, at *4 (W.D. Wis. Oct. 6, 2010) (denying motion to transfer).  Based on

- 16 -

recent publicly available Federal Court Management Statistics, transfer to the Northern District of California would likely delay trial of this case by at least one year.

Within the 12 month period ending September 30, 2012, 8,426 cases were filed in the Northern District of California.  Olaniran Decl., Ex. F.  The median time from filing to trial was 32.7 months.  *Id*.  Within that same time frame in this District, 2,286 cases were filed, and the median time from filing to trial was 18.8 months.  *Id.*  In 2012, the Northern District of California received a significantly larger number of new patent, copyright or trademark infringement filings (543) than this District (38).  In 2011, this Court was designated a Patent Pilot Project court, and on September 19, 2011 the Court adopted Patent Local Rules to streamline patent litigation in this District.  B.E. has a legitimate interest in the prompt resolution of its patent infringement claims, and transfer to the Northern District of California would delay trial in this case.

> **2.    The Western District of Tennessee Has a Substantial Local Interest in the Vindication of B.E.'s Patent Rights.**

Amazon wrongly argues the "Western District of Tennessee has no [strong local interest in adjudicating]" B.E.'s claims because "Amazon has no relevant operations in Tennessee," "B.E. appears to have no actual operations in Tennessee besides filing lawsuits."  D.E. 43-1 at 14.  As explained above, this is far from the truth.  B.E.'s contacts with the Western District of Tennessee are not recent, ephemeral, or manufactured for the purpose of litigation.  Amazon sells goods and services to Tennesseans on a massive scale, products that B.E. alleges infringe its patent rights.  This District has a local interest in deciding whether one of its resident's patent rights have been violated and awarding an appropriate amount of damages.

Amazon also argues that the Northern District of California has a more substantial local interest in adjudicating B.E.'s claims because the "Northern District of California has a strong

local interest in adjudicating claims calling into question the activities of companies and employees who reside in the district." D.E. 43-1 at 14.  But Amazon is not headquartered in the Northern District of California, and while it could be argued that the Western District of Washington—where Amazon resides—has an interest in adjudicating claims against one of its residents, Amazon does not seek transfer there and the Western District of Washington's interest does not clearly outweigh this District's interest in adjudicating claims brought by one of its residents.

B.E. is not a forum shopper.  It filed suit in its home district for its convenience and for the convenience of its CEO and because Amazon has infringed the patents-in-suit here.  As Amazon points out, B.E. filed lawsuits against 19 defendants, many of which are headquartered throughout the United States.  It is not surprising that B.E. would elect to proceed in its home forum given the resources that will necessarily be devoted to prosecuting each of those cases.  By filing all 19 cases in the same district, B.E. will be in position to obtain efficiencies for the benefit of the Court, the federal judicial system, and itself through consolidation of issues for pre-trial and trial.  Transfer to the Northern District of California would undermine those potential efficiencies, particularly because several B.E. defendants do not reside in the Northern District of California and some B.E. defendants have sought transfer to other forums.

## V.   REQUEST FOR ORAL ARGUMENT

B.E. requests that the Court schedule a date and time for a hearing on Amazon's motion to transfer, and the motion to transfer filed by the other B.E. defendants. A hearing will be helpful and necessary.  Amazon, like other B.E. defendants that have come before, is likely to seek leave to file a reply brief.  Ignoring for the moment that Amazon should have reasonably anticipated B.E.'s response arguments because they are consistent with the arguments B.E. has made in other cases, B.E. cannot fairly respond to the anticipated reply brief absent oral

argument.  The transfer of this and the other 18 B.E. cases is a significant issue that merits an opportunity to answer any of the Court's questions.  For these reasons, B.E. requests oral argument.

## VI.    CONCLUSION.

For the reasons stated above, B.E. respectfully requests that the Court deny Amazon's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

Dated:  March 1, 2013                                    Respectfully submitted,

                                                        _s/Qudus B. Olaniran_____
                                                        Robert E. Freitas (CA Bar No. 80948)
                                                        Craig R. Kaufman (CA Bar No. 159458)
                                                        Daniel J. Weinberg (CA Bar No. 227159)
                                                        James Lin (CA Bar No. 241472)
                                                        Qudus B. Olaniran (CA Bar No. 267838)
                                                        FREITAS TSENG & KAUFMAN LLP
                                                        100 Marine Parkway, Suite 200
                                                        Redwood Shores, CA  94065
                                                        Telephone:  (650) 593-6300
                                                        Facsimile:   (650) 593-6301
                                                            rfreitas@ftklaw.com
                                                            ckaufman@ftklaw.com
                                                            dweinberg@ftklaw.com
                                                            jlin@ftklaw.com
                                                            qolaniran@ftklaw.com

                                                        Richard M. Carter (TN B.P.R. #7285)
                                                        Adam C. Simpson (TN B.P.R. #24705)
                                                        MARTIN, TATE, MORROW & MARSTON, P.C.
                                                        6410 Poplar Avenue, Suite 1000
                                                        Memphis, TN 38119-4839
                                                        Telephone:  (901) 522-9000
                                                        Facsimile:   (901) 527-3746
                                                            rcarter@martintate.com
                                                            asimpson@martintate.com

                                                        Attorneys for Plaintiff B.E. Technology, L.L.C.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 1, 2013, a true and correct copy of the foregoing was electronically filed with the United States District Court for the Western District of Tennessee and was served on counsel by the Court's electronic filing notification.

<u>*s/Qudus B. Olaniran*</u>
Qudus B. Olaniran