UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| B.E. TECHNOLOGY, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cv-02767-JPM-tmp |
| ) | |
| v. ) | **JURY DEMAND** |
| ) | |
| AMAZON DIGITAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### REPLY OF AMAZON DIGITAL SERVICES, INC. IN SUPPORT OF ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

J. David Hadden
dhadden@fenwick.com
Darren F. Donnelly
ddonnelly@fenwick.com
Saina S. Shamilov
sshamilov@fenwick.com
Ryan J. Marton
rmarton@fenwick.com
Clifford Web
cweb@fenwick.com
Justin Hulse
jhulse@fenwick.com
FENWICK & WEST LLP
801 California Street, 6th Floor
Mountain View, CA  94041
(650) 988-8500

Glen G. Reid, Jr. (#8184)
greid@wyattfirm.com
Mark Vorder-Bruegge, Jr. (#06389)
mvorder-bruegge@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
The Renaissance Center
1715 Aaron Brenner Dr., Suite 800
Memphis, TN  38120-4367
(901) 537-1000

Counsel for Defendant
AMAZON DIGITAL SERVICES, INC.

**TABLE OF CONTENTS**

INTRODUCTION ---------------------------------------------------------------------------------------- 1

ARGUMENT ---------------------------------------------------------------------------------------------- 1

    I.      B.E.'S CHOICE OF FORUM IS NOT ENTITLED
           TO DEFERENCE -------------------------------------------------------------------------- 1

    II.     THE PRIVATE INTEREST FACTORS FAVOR TRANSFER
           TO THE NORTHERN DISTRICT OF CALIFORNIA ------------------------------ 3

           A.      Nearly All of the Documents Relevant to this Case
                   Are Located in the Northern District of California
                   and None that Still Need to Be Produced
                   Are Located in Tennessee ---------------------------------------------------- 3

           B.      Amazon Does Not Need to Identify Its Witnesses
                   by Name Because All of Its Witnesses Are Located
                   in Northern California or Seattle ------------------------------------------- 5

           C.      The Availability of Compulsory Process to Secure
                   the Attendance of Third Party Witnesses Favors Transfer ------------- 7

           D.      There Are No Practical Problems that Outweigh
                   the Significant Benefits of Transfer --------------------------------------- 8

    III.    THE PUBLIC INTEREST FACTORS FAVOR TRANSFER --------------------- 9

CONCLUSION --------------------------------------------------------------------------------------------- 10

## TABLE OF AUTHORITIES

*Cases*:                                                                                                              *Page(s)*

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010) -------------------------------------------------------------------- 4

*Adoma v. Univ. of Phoenix, Inc.*,
  711 F. Supp. 2d 1142 (E.D. Cal. 2010) ------------------------------------------------------------ 7

*Cover v. Albany Law School of Union Univ.*,
  No. 04 Civ. 0643, 2005 U.S. Dist. LEXIS 13669 (S.D.N.Y. July 8, 2005) ----------------- 6

*Droplets, Inc. v. Amazon.com, Inc.*,
  No. 2:11-CV-392, 2012 WL 3578605 (E.D. Tex. June 27, 2012) --------------------------- 8

*Esperson v. Trugeen Ltd. P'ship*,
  No. 2:10-cv-02130, 2010 WL 4362794 (W.D. Tenn. Oct. 5, 2010) ------------------------- 2

*Functional Pathways of Tenn., LLC v. Wilson Senior Care, Inc.*,
  866 F. Supp. 2d 918 (E.D. Tenn. 2012) ----------------------------------------------------------- 2

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) -------------------------------------------------------------------- 5

*In re Hoffman-La Roche, Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009) ------------------------------------------------------------------- 10

*Hunter Fan Co. v. Minka Lighting, Inc.*,
  No. 06-2108, 2006 WL 1627746 (W.D. Tenn. June 12, 2006) ------------------------------ 2

*In re Link_A_Media Devices Corporation*,
  662 F.3d 1221 (Fed. Cir. 2011) -------------------------------------------------------------------- 5

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011) -------------------------------------------------------------------- 8

*MBCP Peerlogic LLC v. Critial Path, Inc.*,
  No. 02 Civ. 3310, 2002 U.S. Dist. LEXIS 23268 (S.D.N.Y. Dec. 5, 2002) ----------------- 6

*Morris v. Mid-Century Ins. Co.*,
  No. 4:11-cv-1836, 2012 U.S. Dist. LEXIS 60246 (N.D. Ohio Apr. 30, 2012) ------------- 2

*Nationwide Life Ins. Co. v. Koresko*,
  No. 2:05CV1066, 2007 WL 2713783 (S.D. Ohio Sep. 14, 2007) -------------------------- 5

*Nilssen v. Everbrite, Inc.*,
    No. Civ. 00-189-JJF, 2001 WL 34368396 (D. Del. Feb. 16, 2001) ------------------------- 6

*Norwood v. Kirkpatrick*,
    349 U.S. 29 (1955) ---------------------------------------------------------------------------- 1-2

*Precision Franchising, LLC v. Coombs*,
    No. 1:06-cv-1148, 2006 WL 3840334 (E.D. Va. Dec. 27 2006) ---------------------------- 4

*Riley v. Cochrane Furniture Co.*,
    No. 94-cv-71016, No. 1994 U.S. Dist. LEXIS 12059 (E.D. Mich. July 7, 1994) ---------- 2

*Rinks v. Hocking*,
    No. 1:10-cv-1102, 2011 WL 691242 (W.D. Mich. Feb 16, 2011) ------------------------- 6

*Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc.*,
    408 F. Supp. 2d 358 (E.D. Mich. 2005) ------------------------------------------------------ 2

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
    No. 6:09-cv-448-JDL, 2010 WL 2771842 (E.D. Tex. July 13, 2010) --------------------- 8

*Union Planters Bank N.A. v. EMC Mort. Corp.*,
    67 F. Supp. 2d 915 (W.D. Tenn. 1999) ------------------------------------------------------ 2

*United States ex rel. Kairos Scientia, Inc. v. Zinsser Co.*,
    No. 5:10-CV-383, 2011 WL 127852 (N.D. Ohio Jan. 14, 2011) --------------------------- 9

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (Fed. Cir. 2008) (*en banc*) --------------------------------------------------- 5

*Statues and Rules:*

Local Patent Rule 3.2(b) ----------------------------------------------------------------------------- 4

28 U.S.C. § 1404(a) ---------------------------------------------------------------------------------- 1

# INTRODUCTION

B.E. does not dispute that Amazon designed and developed the accused products in the Northern District of California, or that Amazon's relevant engineering employees and technical documents are located there. B.E. does not dispute that Amazon has no relevant witnesses or information in this district. B.E. also does not dispute that the majority of the other 18 defendants it sued in this district are located in the Northern District of California, and none of those defendants are located, or have any relevant evidence, in Tennessee. B.E. even admits that it registered to do business in Tennessee—the day before filing this suit—because it decided to file lawsuits here; it has no offices or other business operations in the State. B.E.'s reliance on the personal residence of the named inventor is unavailing. Regardless of where Mr. Hoyle resides, B.E., the plaintiff, did nothing in Tennessee until the day before it filed this suit. That ephemeral presence does not impart this district with any substantial interest in this dispute. Mr. Hoyle's personal convenience does not trump the very real cost and prejudice of forcing Amazon and the 18 other defendants to litigate far from home. This Court should not set a precedent to allow non-practicing entities such as B.E. to manufacture venue in this district.

# ARGUMENT

## I. B.E.'S CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE.

B.E. contends that its choice of the Western District of Tennessee is entitled to "substantial weight" and that Amazon has the burden to show "that the balance of convenience strongly favors transfer." (Dkt. No. 46 ("Opp.") at 3-6.) This is no longer the applicable standard in the Sixth Circuit. In *Norwood v. Kirkpatrick*, the Supreme Court found that movants under Section 1404(a) should not to be held to the higher "strongly in favor" standard applicable to the *forum non conveniens* doctrine. 349 U.S. 29, 39-40 (1955). Following that decision, courts in the Sixth Circuit have recognized that the only appropriate inquiry is whether the movant's proposed fo-

rum is "more convenient *vis a vis* the plaintiff's initial choice."  *See, e.g.*, *Riley v. Cochrane Furniture Co.*, No. 94-cv-71016, No. 1994 U.S. Dist. LEXIS 12059, at *5 (E.D. Mich. July 7, 1994) (*following Norwood v. Kirkpatrick*, 349 U.S. 29 (1955)); *Morris v. Mid-Century Ins. Co.*, No. 4:11-cv-1836, 2012 U.S. Dist. LEXIS 60246, at *9 (N.D. Ohio Apr. 30, 2012) ("the balance need not be 'strongly in favor' of the party seeking the transfer, but rather need only favor the party seeking the transfer") (citation omitted).  Even the case law that B.E. cites in its Opposition recognizes that this is now the appropriate standard.  *See Esperson v. Trugeen Ltd. P'ship*, No. 2:10-cv-02130, 2010 WL 4362794, at *2-6 (W.D. Tenn. Oct. 5, 2010) (discussing the history of the "strongly favors" standard, rejecting it, and following *Norwood*).

While the plaintiff's choice of forum may be considered in assessing the convenience of transfer, it is not paramount or determinative.  *See, e.g.*, *Functional Pathways of Tenn., LLC v. Wilson Senior Care, Inc.*, 866 F. Supp. 2d 918, 932 (E.D. Tenn. 2012) (rejecting the contention that the plaintiff's choice of forum should be given "great deference"); *Union Planters Bank N.A. v. EMC Mort. Corp.,* 67 F. Supp. 2d 915, 921 (W.D. Tenn. 1999) ("the Sixth Circuit has affirmed that, when balancing the interests of a plaintiff's choice of forum against convenience, the plaintiff's choice is only one factor to be considered and is not to be determinative").  This Court's decision in *Hunter Fan Co.*, cited by B.E., is inapposite.  *Hunter Fan Co. v. Minka Lighting, Inc*., No. 06-2108, 2006 WL 1627746 (W.D. Tenn. June 12, 2006).  In that case, the Court explained that when a plaintiff has "little connection" to its chosen forum, as is the case here, the plaintiff's choice of forum is entitled no deference.  *Id*. at *3 (*distinguishing Tuna Processors, Inc. v. Hawaii Int'l Seafood, Inc*., 408 F. Supp. 2d 358, 362 (E.D. Mich. 2005)).

In its Opposition, to forge a connection with Tennessee and this district, B.E. conflates itself with the named inventor of the asserted patents, Mr. Hoyle, and its place of business with Mr. Hoyle's residence.  But B.E. is not Mr. Hoyle.  While it may be the case that Mr. Hoyle

- 2 -

moved to Tennessee in 2006, as he declares, B.E. offers no explanation of what it, the company, has been doing in Tennessee before filing its lawsuits in this district. Indeed, in its business registration application—filed the day before this lawsuit—B.E. told the State of Tennessee that it conducted *no* business in Tennessee before filing the application and starting its litigation campaign in this district.

> 1. The name of the Limited Liability Company is: B.E. Technology, L.L.C.

> 7. If the limited liability company commenced doing business in Tennessee prior to the approval of this application, the date of commencement (month, day and year) ___N/A___ . NOTE: Additional filing fees may apply. See section 48-249-913(d).

(Declaration of Amanda Hudson in Support of Amazon's Reply ("Hudson Decl.") Ex. 1.) Admittedly, B.E registered to do business in Tennessee because it decided to file lawsuits in this district.[1] (Dkt. No. 46-1, Declaration of Martin Hoyle ("Hoyle Decl.") ¶ 8.) B.E.'s decision to litigate in Tennessee and its ephemeral connection to the State do not counsel against transfer.

## II. THE PRIVATE INTEREST FACTORS FAVOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA.

### A. Nearly All of the Documents Relevant to this Case Are Located in the Northern District of California and None that Still Need to Be Produced Are Located in Tennessee.

B.E. does not dispute that all of Amazon's relevant technical information, documents and computer source code are maintained in the Northern District of California or that its relevant financial documents are located in Seattle. (*Id.* at 14; *see also* Dkt. No. 43-2, Declaration of Jeffrey Dean ("Dean Decl.") ¶¶ 4-5.) Nor does it dispute that the bulk of discovery in this case will be produced by Amazon. Instead, B.E. contends that this factor does not favor transfer because Amazon is "wealthier" and B.E. maintains "documents demonstrating the conception and reduc-

---

[1] Mr. Hoyle's purported activities—"meeting" with B.E.'s unidentified board of directors, "filing patent applications, and coordinating the enforcement of B.E.'s intellectual property rights"—only further confirm B.E.'s status as a non-practicing patent assertion entity. (Hoyle Decl. ¶ 6.)

tion to practice of Mr. Hoyle's inventions" in the district. (Opp. at 14-15.) Any financial success of Amazon—a company with no relevant business operations in Tennessee—does not render this district more convenient than the Northern District of California. *Precision Franchising, LLC v. Coombs*, No. 1:06-cv-1148, 2006 WL 3840334, at *5 (E.D. Va. Dec. 27 2006) ("Richmond is an inconvenient location for Plaintiff to pursue their suit, and the assertion that 'forum should not matter to the Plaintiff because it is a successful and wealthy corporation lacks merit or legal basis"). Further, B.E.'s possession of any purported conception and reduction to practice documents does not shift the balance of convenience given the significant disparity between the quantities of the parties' respective documents.

Under the Local Patent Rules, B.E. was obligated to produce to Amazon "*[a]ll documents* evidencing the conception and first reduction to practice of each claimed invention" on January 14, 2013. *See* Local Patent Rule 3.2(b) (emphasis added). B.E. made that production through its lead counsel in the Northern District of California. (Hudson Decl. Ex. 2.) That production included 222 documents. (*Id*. ¶ 3.) On its face, the size of this production belies B.E.'s claim of inconvenience, considering that the bulk of discovery in this case and a significantly greater number of documents are located in California or Washington at Amazon's offices. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (finding that "it is unreasonable to suggest that [plaintiff's] evidence alone could outweigh the convenience of having the evidence from multiple defendants located within the transferee venue of trial"). But even if the existence of this small number of documents in Tennessee could have represented any inconvenience, which is unlikely, that burden was effectively wiped out the second they were produced. For the purposes of this litigation, these documents are no longer in Tennessee, and they do not represent any continuing inconvenience to litigating this case in California.

B.E.'s argument that the location of documents "is increasingly less important in deciding

motions to transfer" because of the electronic nature of modern document production has been expressly rejected by the Federal Circuit. (Opp. at 15.) Specifically, the Federal Circuit has rejected the argument that the location of documents in the era of electronic storage and transmission should not play a substantial role in the venue analysis, noting that this "would render this factor superfluous." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (Fed. Cir. 2008) (*en banc*)). Indeed, *In re Link_A_Media Devices Corporation*, a case B.E. cites, makes clear that "it is improper to ignore [this factor] entirely," and that a district court's refusal to consider the location of sources of proof on the ground that the issue was "outdated, irrelevant, and should be given little weight" amounts to a clear abuse of discretion. 662 F.3d 1221, 1224 (Fed. Cir. 2011) (vacating and transferring to the Northern District of California).[2] This factor strongly favors transfer.

### B. Amazon Does Not Need to Identify Its Witnesses by Name Because All of Its Witnesses Are Located in Northern California or Seattle

B.E. does not challenge that all of Amazon's relevant engineering witnesses are located in the Northern District of California or that its relevant financial witnesses are located in Seattle. B.E. instead faults Amazon for not specifically naming its witnesses and providing the topics of their testimony. (Opp. at 10-12.) Amazon, however, has provided the information required "to enable the court to assess the materiality of evidence and the degree of inconvenience." *Rinks v. Hocking*, No. 1:10-cv-1102, 2011 WL 691242, at *3 (W.D. Mich. Feb 16, 2011) (internal citation omitted); *see also Nilssen v. Everbrite, Inc.*, No. Civ. 00-189-JJF, 2001 WL 34368396, at

---

[2] The fact that Amazon can produce documents to B.E.'s counsel in California is irrelevant and in no way lessens the inconvenience of litigating in Tennessee. If anything, the fact that B.E.'s counsel is based in Northern California makes clear that litigating in Northern California is not inconvenient for B.E. The very case B.E. relies on supports transfer to California. *Nationwide Life Ins. Co. v. Koresko*, No. 2:05CV1066, 2007 WL 2713783, at *6 (S.D. Ohio Sep. 14, 2007) (ordering transfer despite plaintiff offering to accept document production in transferee district).

\*2-3 (D. Del. Feb. 16, 2001) (identification of witnesses not by name but as "employees" or "former employees of Defendant," with "knowledge of the allegedly infringing designs," "especially when fact discovery has yet to take place, is sufficient for purposes of venue transfer analysis"). Amazon has established that *all* of its technical witnesses reside in the Northern District of California. (Dean Decl. ¶¶ 4-6.) It would be premature and prejudicial for Amazon to be required to identify the specific witnesses most appropriate to testify regarding the accused technology at this early stage in the case (only weeks after having received B.E.'s infringement contentions and before any substantive discovery) in order to secure transfer to a significantly more convenient forum. (Hudson Decl. ¶ 3.) More importantly, it would be irrelevant. Because all of Amazon's potential witnesses reside in the Northern District of California or Seattle, the names of the specific witnesses add nothing to the determination of inconvenience. In cases such as this, where the undisputed facts show that the majority of the material witnesses reside in the transferee district or nearby, there is no need to identify any specific witnesses. *See Cover v. Albany Law School of Union Univ.*, No. 04 Civ. 0643, 2005 U.S. Dist. LEXIS 13669, at \*7 (S.D.N.Y. July 8, 2005) ("where the events demonstrate that the majority of witnesses are located in the transferee district, it is unnecessary to submit a statement naming the witnesses who will specifically be inconvenienced by maintaining the present venue"); *MBCP Peerlogic LLC v. Critial Path, Inc.*, No. 02 Civ. 3310, 2002 U.S. Dist. LEXIS 23268, at \*10 (S.D.N.Y. Dec. 5, 2002) ("Even though defendants have not provided a list that identifies potential witnesses . . . the events giving rise to this action demonstrate that the vast majority of material witnesses are in Northern California and would therefore find it more convenient to testify in California").

The cases B.E. cites in its Opposition do not suggest a different result. None of them address a situation, like that here, where all of the material witnesses are necessarily located in the transferee district or nearby. Indeed, the *Adoma* case cited by B.E. explicitly recognized that if

"nearly all California potential collective action members were in the Central District" the defendants would not have had to identify any specific witnesses for their claim of inconvenience to carry weight. *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1151 (E.D. Cal. 2010).

No matter what the names of Amazon's witnesses are, they will have to take multi-leg flights to Tennessee to testify at trial, likely involving overnight stays away from family and work. The same is almost certainly true of witnesses in the other 18 actions filed by B.E. B.E.'s single Tennessee witness, with a financial interest in this litigation, cannot counterbalance this inconvenience. And in fact, transferring this case to California will reduce B.E.'s litigation expenses as it would not need to pay for its Northern Californian lead counsel to travel to Tennessee to attend case proceedings. This factor favors transfer.

      **C.    The Availability of Compulsory Process to Secure the Attendance of Third Party Witnesses Favors Transfer.**

B.E. concedes that if this case is not transferred, Amazon will be unable to ensure the attendance at trial of third party prior art witnesses who reside in the Northern District of California. (Opp. at 13-14.) B.E. argues, however, that these third party witnesses are not important because, in its words, prior art inventor testimony "may not be used to vary the words of the alleged prior art." [3] (*Id*. at 12.) While this is true as far as it goes, it ignores the fact that prior art witness testimony gives context necessary for the jury to assess the prior art and invalidity of the asserted patents. Such testimony is highly important in presenting an effective invalidity case and cannot be ignored. *See, e.g.*, *In re Microsoft Corp.*, 630 F.3d 1361, 1363 (Fed. Cir. 2011) (vacating district court's order denying motion to transfer on the grounds that, *inter alia*, "all of [defendant's] witnesses relating to . . . prior art . . . technology reside in the [transferee district]"); *U.S. Ethernet Innovations, LLC v. Acer, Inc*., No. 6:09-cv-448-JDL, 2010 WL 2771842,

---

[3] If B.E.'s argument were accepted, it would drastically undermine its rationale for litigating in this district as its only identified witness, and connection to the district, is the named inventor of the asserted patents who also cannot "vary the words of" the asserted patents.

at *9 (E.D. Tex. July 13, 2010) (granting transfer where "there are potentially important non-party witnesses such as inventors, prior art witnesses, and the prosecuting attorney [in the transferee district]"); *Droplets, Inc. v. Amazon.com, Inc.*, No. 2:11-CV-392, 2012 WL 3578605, at *4 (E.D. Tex. June 27, 2012) (granting transfer and finding the location of "many prior art inventors with knowledge and documents relevant to the validity issue . . . in the Northern District of California" "weigh[ed] heavily in favor of a transfer").  If this case remains in this district, Amazon will be unable to secure the attendance of any of these prior art witnesses at trial and its invalidity case will be greatly prejudiced.

B.E. also urges the Court to disregard these prior art witnesses because Amazon did not offer evidence of residence beyond their respective patents and patent applications and has purportedly not determined whether they will be unwilling to travel to Tennessee for trial.  (Opp. at 13.)  Even assuming that these documents were not sufficient to identify the witnesses' likely current residences, based on easily accessible public documents, at least four of the named inventors and four assignees are still located in the Northern District of California.  (Hudson Decl. Exs. 3-9.)  It is highly doubtful that all of these important prior art witnesses would be willing to voluntarily travel across the country to testify at trial in Tennessee.  Those who do agree will suffer significant unnecessary inconvenience, including travel, and time away from work and family.  This factor favors transfer.

> **D.     There Are No Practical Problems that Outweigh the Significant Benefits of Transfer.**

B.E. does not identify any practical problems that would flow from transfer of this case to the Northern District of California.  All of the defendants in B.E.'s 19 suits have moved to transfer to the Northern District of California (at least as an alternative).  The Northern District of California has substantial experience managing large patent cases, and any efficiency that can be ensured by keeping these cases in the Western District of Tennessee can also be had by transfer-

ring them to the Northern District of California.  There are no practical problems that outweigh the significant benefits of transfer in this case.

### III. THE PUBLIC INTEREST FACTORS FAVOR TRANSFER.

B.E. also fails to cogently challenge that the relevant public interest factors favor transfer. As to the relative congestion of the courts in the Western District of Tennessee and the Northern District of California, B.E. argues that because cases take longer to proceed to trial in the Northern District, this case should not be transferred.  (Opp. at 17.)  B.E., however, ignores that the median time to final disposition of a case in the Western District of Tennessee is longer than in the Northern District of California.  (Dkt. 43-3 Ex. 14.)  As such, this factor is neutral. S*ee, e.g., United States ex rel. Kairos Scientia, Inc. v. Zinsser Co.*, No. 5:10-CV-383, 2011 WL 127852, at *7 (N.D. Ohio Jan. 14, 2011) (finding that where the median time to trial was shorter, but the average docket of pending cases per judge and the average life span of a case was longer in the transferring district, the "facts favor neither transfer nor retention").

In terms of the relative local interests of the two districts, B.E. contends that the Western District of Tennessee has a substantial interest in this dispute because it involves the "invention" of a resident, Mr. Hoyle.  (Opp. at 17.)  That purported invention, however, has nothing to do with Tennessee.  It is undisputed that the alleged invention was purportedly conceived and reduced to practice in Louisiana and assigned to a company in Michigan with minimal if any presence in Tennessee until the day before this lawsuit was filed.  Amazon's engineers, however, designed and developed the accused products in the Northern District of California.  (Dean Decl. ¶ 4.)  The Northern District of California is the center of gravity of the accused infringing activity, and California has a strong local interest in adjudicating B.E.'s allegations against its residents. *See In re Hoffman-La Roche, Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009).  This factor favors transfer.

## CONCLUSION

Because the location of the single witness with an interest in this litigation and 222 documents that have already been produced from California do not outweigh the significant inconveniences to Amazon and its witnesses posed by litigating this case in the Western District of Tennessee, Amazon respectfully requests that the Court transfer this case to the Northern District of California where Amazon's relevant technical witnesses reside, the accused technology was developed, and the bulk of discovery is located.

Respectfully submitted,

*s/* Glen G. Reid, Jr.
Glen G. Reid, Jr. (#8184)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Dr., Suite 800
Memphis, TN  38120-4367
Phone:  901.537.1000
Facsimile:  901.537.1010
greid@wyattfirm.com


*s/* Mark Vorder-Bruegge, Jr.
Mark Vorder-Bruegge, Jr. (#06389)
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Dr., Suite 800
Memphis, TN  38120-4367
Phone:  901.537.1000
Facsimile:  901.537.1010
mvorder-bruegge@wyattfirm.com

-and-

J. David Hadden
dhadden@fenwick.com
Darren F. Donnelly
ddonnelly@fenwick.com
Saina S. Shamilov
sshamilov@fenwick.com
Ryan J. Marton
rmarton@fenwick.com
Clifford Web
cweb@fenwick.com
Justin Hulse
jhulse@fenwick.com
FENWICK & WEST LLP
801 California Street, 6th Floor
Mountain View, CA  94041
(650) 988-8500


Counsel for Defendant
AMAZON DIGITAL SERVICES, INC.

## CERTIFICATE OF SERVICE

The foregoing document was filed under the Court's CM/ECF system, automatically effecting service on counsel of record for all other parties who have appeared in this action on the date of such service.

*s/ Mark Vorder-Bruegge, Jr.*
Mark Vorder-Bruegge, Jr.
