**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

B.E. TECHNOLOGY, LLC,       )
                                  )
     Plaintiff,         )
                                  )
v.                            )      No.: 2:12-cv-02767-JPM-cgc
                                  )
AMAZON DIGITAL SERVICES, INC.,)
                                  )
     Defendant.         )

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

Before the Court is Defendant Amazon Digital Services,
Inc.'s ("Defendant" or "Amazon") Motion to Transfer Venue
Pursuant to 28 U.S.C. § 1404(a) and for Expedited Consideration,
filed February 12, 2013.  (ECF No. 43.)  For the reasons that
follow, the Motion is DENIED.

### I.  BACKGROUND

This case concerns Defendant Amazon's alleged infringement
of United States Patent No. 6,771,290 (the "'290 patent").  (ECF
No. 1.)  Plaintiff B.E. Technology, LLC ("Plaintiff or "B.E."),
is the assignee of the '290 patent (ECF No. 46 at 2), currently
owning "all right, title, and interest in the '290 patent, and
has owned all right, title, and interest throughout the period"
of the alleged infringement (ECF No. 1 ¶ 10).

B.E. alleges that Amazon infringed the '290 patent "by
using, selling, and offering to sell in the United States tablet

computer products that directly infringe at least Claim 2 of the '290 patent either literally or under the doctrine of equivalents." (Id. ¶ 11.) The Amazon products alleged to infringe the '290 patent include "the Kindle, Kindle Touch, Kindle Touch 3G, Kindle Keyboard 3G, Kindle DX, and Kindle Fire products." (Id.)

B.E. filed a Complaint in this Court on September 7, 2012. (ECF No. 1.) Amazon filed a Motion to Dismiss on January 7, 2013. (ECF No. 32.) Amazon thereafter filed its Motion to Transfer Venue on February 12, 2013. (ECF No. 43.) B.E. filed its Memorandum in Opposition to Defendant's Motion to Transfer Venue on March 1, 2013. (ECF No. 46.) With leave of Court, Amazon filed a Reply Memorandum in Support of Its Motion to Transfer on March 18, 2013. (ECF No. 49.) On February 12, 2013, Amazon filed a Motion to Stay pending resolution of its Motion to Transfer Venue. (ECF No. 44.) The Court granted Amazon's Motion to Stay on February 12, 2013. (ECF No. 45.)

While Amazon is a Delaware corporation with its principal place of business in Seattle, Washington, it seeks to transfer this case to the Northern District of California because the Amazon facilities relevant to this case are located in Cupertino, California, located in the Northern District of California. (See ECF No. 43-1 at 1, 4; Dean Decl., ECF No. 43-2, ¶¶ 2, 4.) To support its Motion, Amazon contends that all

the accused products were developed at its Northern California headquarters. (ECF No. 43-1 at 1.) As a result, the "relevant engineering employees" and the "relevant technical documents and computer source code" are located in the transferee district. (Id.) Further, Amazon asserts that numerous third-party witnesses on whom it intends to rely are also located in or around the Northern District of California. (Id. at 5.)

B.E. opposes Amazon's Motion to Transfer. B.E. is a limited-liability company incorporated in Delaware. (ECF No. 1 ¶ 2.) B.E. was originally registered in Michigan, but formally registered to conduct business in Tennessee in September 2012. (ECF No. 46 at 2.) B.E. contends that Memphis, Tennessee, is its principal place of business. (ECF No. 1 ¶ 2.) Martin David Hoyle ("Hoyle"), B.E.'s founder and CEO, is the named-inventor of the '290 patent. (ECF No. 46 at 1, 2.) Hoyle has been a resident of Tennessee since April, 2006. (Id. at 1, 2.)

B.E. argues that transfer is inappropriate because it has substantial connections with this district. B.E. argues that Hoyle has been "present in this District since 2006," and B.E. "since at least 2008," and this district is B.E.'s principal place of business. (Id. at 5, 7.) B.E. also argues that none of its witnesses are located in the Northern District of California. (Id. at 9.) Further, B.E. argues that its corporate documents, including documents relating to the

3

"conception and reduction to practice" of the patent-in-suit,
are located in this District.  (Id. at 8.)

## II. STANDARD

Amazon moves the Court to transfer this case to the
Northern District of California pursuant to 28 U.S.C. § 1404(a).
(ECF No. 43.)  The statute provides that "[f]or the convenience
of the parties and witnesses, in the interest of justice, a
district court may transfer any civil action to any other
district or division where it might have been brought."  28
U.S.C. § 1404(a).  "As the permissive language of the transfer
statute suggests, district courts have 'broad discretion' to
determine when party 'convenience' or 'the interest of justice'
make a transfer appropriate."  Reese v. CNH Am. LLC, 574 F.3d
315, 320 (6th Cir. 2009).

In determining whether to transfer a case under § 1404(a),
the court must first determine whether the claim could have been
brought in the transferee district.  28 U.S.C. § 1404(a)
(allowing transfer to any other district in which the claim
"might have been brought").  Once the court has made this
threshold determination, the court must then determine whether
party and witness "convenience" and "the interest of justice"
favor transfer to the proposed transferee district.  Reese, 574
F.3d at 320; Esperson v. Trugreen Ltd., No. 2:10-cv-02130-STA-
cgc, 2010 WL 4362794, at *5 (W.D. Tenn. Oct. 5, 2010), adopted

4

2010 WL 4337823 (W.D. Tenn. Oct. 27, 2010).  In weighing these statutory factors, the court may still consider the private- and public-interest factors set forth in the pre-Section 1404(a) case, Gulf Oil v. Gilbert, 330 U.S. 501, 508-09 (1947), but courts are not burdened with "preconceived limitations derived from the forum non conveniens doctrine."  Norwood v. Kirkpatrick, 349 U.S. 29, 31 (1955) (quoting All States Freight v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952)) (internal quotation marks omitted); Esperson, 2010 WL 4362794, at *5.  The United States Court of Appeals for the Sixth Circuit has stated that when deciding "a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  Moore v. Rohm & Haas Co., 446 F.3d 643, 647 n.1 (6th Cir. 2006).

Additionally, the "interest of justice" factor has been interpreted broadly by courts, influenced by the individualized circumstances of each case.  The United States Court of Appeals for the Federal Circuit has set forth a non-exhaustive list of pertinent public-interest factors:

> The public interest factors include (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized

interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law.

In re Acer Am. Corp., 626 F.3d 1252, 1254 (Fed. Cir. 2010); see also In re Nintendo Co., Ltd., 589 F.3d 1194, 1198 (Fed. Cir. 2009) (finding the local-interest factor weighed heavily in favor of transfer); Cincinnati Ins. Co. v. O'Leary Paint Co., 676 F. Supp. 2d 623, 633 (W.D. Mich. 2009) (considering additional factors such as the relative docket congestion of the transferor and transferee districts).

Initially, B.E. argues that there is a strong presumption in favor of its choice of forum, and that its choice of forum should not be disturbed unless the defendant carries its burden to demonstrate that the balance of convenience strongly favors transfer. (ECF No. 37 at 4-8.) B.E.'s argument is erroneously derived from the more stringent forum-non-conveniens standard. Compare Hunter Fan Co. v. Minka Lighting, Inc., No. 06-2108 Ml/P, 2006 WL 1627746 (W.D. Tenn. June 12, 2006) (applying the appropriate private- and public-interest factors but relying on the forum-non-conveniens doctrine to accord strong deference to the plaintiff's choice of forum), with OneStockDuq Holdings, LLC v. Becton, Dickinson, & Co., No. 2:12-cv-03037-JPM-tmp, 2013 WL 1136726, at *3 (W.D. Tenn. Mar. 18, 2013), and Roberts Metals, Inc. v. Florida Props. Mktg. Grp., Inc., 138 F.R.D. 89, 92-93

(N.D. Ohio 1991) (recognizing defendants need to make a lesser showing to overcome plaintiff's choice of forum under § 1404(a)), aff'd per curiam, 22 F.3d 1104 (6th Cir. 1994). Although there is a strong presumption in favor of the plaintiff's choice of forum under the doctrine of forum non conveniens, under § 1404(a), a plaintiff's choice of forum may be considered, but is entitled to less deference. Discussing the difference between the common-law doctrine of forum non conveniens and the federal transfer-of-venue statute in Norwood, the Supreme Court stated,

> When Congress adopted § 1404(a), it intended to do more than just codify the existing law on forum non conveniens. . . . [W]e believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.

Norwood, 349 U.S. at 32; see also Lemon v. Druffel, 253 F.2d 680, 685 (6th Cir. 1958) ("The choice of the forum by the petitioner is no longer as dominant a factor as it was prior to the ruling in Norwood v. Kirkpatrick[.]"); Esperson, 2010 WL 4362794, at *5-6.

Defendant's burden under § 1404(a) is to demonstrate that a change of venue to the transferee district is warranted. See Eaton v. Meathe, No. 1:11-cv-178, 2011 WL 1898238, at *2 (W.D.

Mich. May 18, 2011); Amphion, Inc. v. Buckeye Elec. Co., 285 F.
Supp. 2d 943, 946 (E.D. Mich. 2003); Roberts Metals, Inc., 138
F.R.D. at 93. "Merely shifting the inconvenience from one party
to another does not meet Defendant's burden." McFadgon v. Fresh
Mkt., Inc., No. 05-2151-D/V, 2005 WL 3879037, at *2 (W.D. Tenn.
Oct. 21, 2005). "[T]he movant must show that the forum to which
he desires to transfer the litigation is the more convenient one
vis a vis the Plaintiff's initial choice." Roberts Metals,
Inc., 138 F.R.D. at 93 (quoting Mead Corp. v. Oscar J. Boldt
Constr. Co., 508 F. Supp. 193, 198 (S.D. Ohio 1981)) (internal
quotation marks omitted). If the court determines that the
"balance between the plaintiff's choice of forum and defendant's
desired forum is even, the plaintiff's choice of [forum] should
prevail." Stewart v. Am. Eagle Airlines, Inc., No. 3:10-00494,
2010 WL 4537039, at *2 (M.D. Tenn. Nov. 3, 2010).

## III. ANALYSIS

Amazon asserts that B.E. could have brought this action in
the Northern District of California. (See ECF No. 43-1 at 6.)
B.E. does not dispute this assertion. (See ECF No. 46 at 4.)
The Court agrees that B.E. could have brought suit in the
Northern District of California. Therefore, the only issue
remaining is whether the balance of the statutory factors — the
convenience to the witnesses, the convenience to the parties,
and the interest of justice — favors transfer to the Northern

District of California.  The Court will address each statutory factor separately and balance these factors to determine whether transfer to the Northern District of California is proper pursuant to § 1404(a).

   **A.   Convenience of the Witnesses**

   When asserting that a transferee district is more convenient for witnesses, a party "must produce evidence regarding the precise details of the inconvenience" of the forum chosen by the plaintiff.  Esperson, 2010 WL 4362794, at *8.  To satisfy its burden, the movant must do "more than simply assert[] that another forum would be more appropriate for the witnesses; he must show that the witnesses will not attend or will be severely inconvenienced if the case proceeds in the forum district."  Id. (quoting Roberts Metals, Inc., 138 F.R.D. at 93).  Further, "[t]o sustain a finding on [this factor] . . . the party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable a court to assess the materiality of evidence and the degree of inconvenience."  Eaton, 2011 WL 1898238, at *3 (quoting Rinks v. Hocking, 1:10-CV-1102, 2011 WL 691242, at *3 (W.D. Mich. Feb. 16, 2011)) (internal quotation marks omitted).  It is the "materiality and importance of the testimony of prospective

witnesses, and not merely the number of witnesses," that is crucial to this inquiry.  Rinks, 2011 WL 691242, at *3.

Amazon contends that witness convenience favors transfer to the Northern District of California.  (ECF No. 43-1 at 8-10; ECF No. 49 at 5-7.)  To support this contention, Amazon asserts that all of the witnesses on which it intends to rely are located in the transferee district or in Seattle, Washington.  These witnesses include employees with knowledge regarding the design and operation of its accused products, located in the transferee district (ECF No. 43-1 at 4), and employees with knowledge regarding Amazon's "sales, finance, and marketing operations," located in Seattle, Washington (id.).  Additionally, Amazon asserts that "numerous important third-party prior art witnesses and sources of proof are known to be located in the Northern District of California."  (Id. at 5.)

In response, B.E. argues that "transfer to the Northern District of California would be equally inconvenient to B.E.'s witnesses, none of whom is located in the Northern District of California."  (ECF No. 46 at 9.)  Although B.E. does not affirmatively identify any witnesses of its own, Hoyle is the inventor of the patent-in-suit and a party, and it is therefore presumed his testimony will be necessary and material to B.E.'s case.  B.E. states that Hoyle is located in the Western District of Tennessee.  (Id. at 1-2.)

Because the convenience of party and non-party witnesses is given different weight, the Court will analyze the witnesses separately.  See Azarm v. $1.00 Stores Servs., Inc., No. 3:08-1220, 2009 WL 1588668, at *4 (M.D. Tenn. June 5, 2009) ("[T]he convenience of potential non-party witnesses, who are not subject to the control of the parties, is a particularly weighty consideration, because it is generally presumed that party witnesses will appear voluntarily in either jurisdiction, but non-party witnesses, with no vested stake in the litigation, may not.").

### 1.  Party Witnesses

Amazon asserts that "[t]he engineers most knowledgeable about the design, developments, and operation of the accused Kindle products work in Amazon's facility in Cupertino, California." (Dean Decl., ECF No. 43-2, ¶ 4; see also ECF No. 43-1 at 4.)  Amazon also asserts that its employees with knowledge of its "U.S. sales, finance, and marketing operations" are located in Seattle, Washington.  (Dean Decl., ECF No. 43-2, ¶ 5; see also ECF No. 43-1 at 4.)  In its Reply, Amazon defends its general identification of potential employee-witnesses by stating that identifying its witnesses with more specificity at this early stage would be "premature and prejudicial."  (ECF No. 49 at 6.)

Amazon indicates that the engineers that are likely witnesses are "important to Amazon's business and their absence for significant periods of time would adversely affect Amazon's operations." (Dean Decl., ECF No. 43-2, ¶ 4; see also ECF No. 43-1 at 9.) Amazon does not, however, provide any evidence showing that these potential employee-witnesses, or any other employee-witnesses located in Seattle, will be unwilling to testify in this district if asked to do so. See Esperson, 2010 WL 4362794, at *8. Moreover, courts have noted that "normally a corporation is able to make its employees available to testify when needed." Clark v. Dollar Gen. Corp., No. 3-00-0729, 2001 U.S. Dist. LEXIS 25975, at *9 (M.D. Tenn. Mar. 6, 2001); see also Zimmer Enters. v. Atlandia Imps., Inc., 478 F. Supp. 2d 983, 991 (S.D. Ohio Mar. 14, 2007) (finding that the convenience of witnesses who are employees "will not ordinarily be considered, or at least, that the convenience of such employees will not generally be given the same consideration as is given to other witnesses"). Accordingly, it appears that Amazon's employees will be able to attend absent any evidence to the contrary.

The Court agrees that Amazon's employees related to the development and operation of the accused products are located in the Northern District of California, and that their testimony is likely material. Amazon, however, has not indicated how many

employees it would be inclined to call as potential witnesses
and has not provided any indication of the necessity of those
employees to its business.  Amazon stated generally that its
operation would be "adversely affected" by employee absence for
"significant periods of time," but the Court has no indication
as to what constitutes either "adverse" effects or a
"significant period of time."  As a result, the Court cannot
assess the degree to which Amazon's business would be disrupted
compared to the disruption B.E. will endure due to its CEO's
absence should the case be transferred.  Accordingly, the Court
finds transfer would only shift the inconvenience to B.E.  See
McFadgon, 2005 WL 3879037, at *2.

     Despite showing the materiality of the testimony of its
proposed employee-witnesses, Amazon does not satisfy its burden.
Amazon argues that due to the distance between Memphis and the
Northern District of California, approximately 1700 miles, and
the distance between Memphis and Seattle, approximately 2400
miles, travel to Memphis would be inconvenient and disruptive.
(ECF No. 43-1 at 8-9.)  Yet, the same is true for B.E.'s
witnesses, which B.E. asserts do not reside in the transferee
district.  (ECF No. 46 at 9.)  Therefore, because § 1404(a)
provides for transfer "to a more convenient forum, not to a
forum likely to prove equally convenient or inconvenient,"
distance of travel for employee witnesses does not weigh in

favor of transfer.  Hunter Fan, 2006 WL 1627746, at *2 (citing

Van Dusen v. Barrack, 376 U.S. 612, 645-46 (1964)).

Amazon further argues that because it intends to call
multiple employee-witnesses with testimony central to the claims
at issue and because B.E. likely has only one witness, Hoyle,
this factor weighs in favor of transfer.  (ECF No. 43-1 at 9-
10.)  Amazon states, "the disruption to the large number of
employees from Amazon . . . who may be forced to leave their
homes and jobs to testify in Tennessee is hardly offset by any
inconvenience to Mr. Hoyle, who has an interest in this
litigation, if he must travel to California."  (Id. at 10.)
While B.E. did not specifically identify any witnesses, it is
presumed that Hoyle, as CEO and inventor of the patent-in-suit,
will be a key witness.  B.E., however, does not have the burden
to identify more witnesses for the purposes of this Motion.
Despite B.E. not identifying any witnesses, Amazon's general
identification of material witnesses who are Amazon employees
does not satisfy its burden on this factor.  A simple numerical
advantage is insufficient on the issues raised by a motion to
transfer.  As a result, the witness-convenience factor does not
weigh in favor of transfer.

Moreover, B.E. argues that "[i]t is likely that Amazon's
California-based employees will be deposed in California where
B.E.'s lead counsel is based."  (ECF No. 46 at 12.)  This

14

further indicates that the witness-convenience factor does not weigh in favor of transfer. See Hunter Fan, 2006 WL 1627746, at *2 (finding relevant that the plaintiff planned to take depositions of the defendant's witnesses in California in determining that the witness convenience factor did not favor transfer).

### 2. Non-Party Witnesses

While convenience to party witnesses is an important consideration, "it is the convenience of non-party witnesses, rather than employee witnesses . . . that is the more important factor and is accorded greater weight." Steelcase Inc. v. Smart Techs., 336 F. Supp. 2d 714, 721 (W.D. Mich. Mar. 5, 2004) (citation omitted) (internal quotation marks omitted).

Amazon asserts that, at the time of the filing of its Motion, it had identified "at least twelve prior art patents with clear ties to companies . . . or inventors in the Northern District of California." (ECF No. 43-1 at 11.) Amazon states that in order to "prepare its defenses," it "will need to gather documents and obtain testimony from these individuals and companies in California." (Id.) Amazon further contends that if the case remains in the transferor district, it would "be forced to present critical prior art testimony trough deposition transcript instead of live testimony – which will prejudice its ability to put on an effective defense to the jury." (Id.; see

<u>also</u> ECF No. 49 at 8.)  Amazon finally asserts that it would be unable to secure the attendance of these potential prior-art witnesses by subpoena if the case remains in the transferor district and that it is "highly doubtful" that these witnesses would be "willing to voluntarily travel across the country to testify at trial in Tennessee." (ECF No. 49 at 8.)

B.E. argues that the convenience of third-party witnesses is not entitled to great weight in the instant case because Amazon has not established that the "third party testimony will be material or important." (ECF No. 46 at 12.)  B.E. asserts that Amazon has not stated the "relevance, materiality, and importance" of the non-party witnesses' testimony. (<u>Id.</u> at 13-14.)  B.E. further argues that prior-art testimony is "almost certain to be severely limited at the time of trial" and, therefore, such testimony does not weigh in favor of transfer. (<u>Id.</u> at 12.)  Additionally, B.E. contends that Amazon has "fail[ed] to establish the current locations of any of the inventors," and notes that "three of the patents [listed as prior art in Amazon's Motion] list inventors that reside in Oregon." (<u>Id.</u> at 13.)

The availability of compulsory process for unwilling witnesses is a consideration closely related to the convenience-of-witnesses factor and the costs of procuring the witness, and therefore is an important consideration for the Court.  <u>See,</u>

e.g., In re Acer, 626 F.3d at 1255; Rinks, 2011 WL 691242, at *4. Whether this factor should be given considerable weight depends on the materiality of the testimony to the resolution of the case. Rinks, 2011 WL 691242, at *4. A federal court in the Northern District of California would be able to compel the prior-art witnesses residing in that district or within the state of California to testify at trial. See Fed. R. Civ. P. 45(b)(2); Brackett v. Hilton Hotels Corp., 619 F. Supp. 2d 810, 821 (N.D. Cal. 2008) ("The California district courts have the power to subpoena witnesses throughout the state pursuant to [Federal Rule of Civil Procedure] 45(b)(2)(C) . . . ."). In contrast, the prior-art witnesses would not be subject to the subpoena power in the Western District of Tennessee, see Fed. R. Civ. P 45(c)(3)(A)(ii), but would be available for deposition in the Northern District of California if unwilling to testify in this District. Therefore, the testimony of such witnesses potentially would "not be live and therefore could be less persuasive." Rinks, 2011 WL 691242, at *4.

The Court finds that Amazon has met its burden to show the nature of the third-party witnesses testimony, and that the testimony is likely material to Amazon's invalidity and non-infringement contentions. Amazon, however, has only stated generally that depositions of non-party witnesses would be inadequate and live testimony from non-party witnesses required.

17

To the extent the non-party witnesses' testimony may be presented by deposition, witness inconvenience would not be an issue. Amazon states that these prior-art witnesses will be necessary for trial, but recognizes that "likely many more" non-party witnesses will be necessary. (ECF No. 43-1 at 11.) This general statement relating to the number of non-party witnesses, combined with the general statement that without transfer Amazon would be forced to present "critical prior art testimony through deposition transcript instead of live testimony" which would "prejudice its ability to put on an effective defense to the jury," is not sufficient to allow the Court to determine (1) the number of non-party witnesses Amazon requires; and (2) whether live testimony of these non-party witnesses is necessary. Further, Amazon is only able to estimate that it is "highly doubtful" that any of the non-party witnesses would be unwilling to testify in this District if asked to do so. As a result, this factor weighs only slightly in favor of transfer.

**B.   Convenience of the Parties**

Amazon argues that the convenience of the parties requires the Court transfer this action to the Northern District of California. (ECF No. 43-1 at 1-2.) While Amazon organizes its arguments somewhat differently than the Court, the Court finds the considerations relevant to the convenience-of-the-parties

factor are the location of the sources of proof and the parties'
financial hardships due to litigation in the chosen forum.

### 1. Location of Sources of Proof

Amazon argues that all of its "relevant documents," are
located in either the transferee district or Seattle,
Washington. (ECF No. 43-1 at 7.) Amazon states that its
"[t]echnical documentation and computer source code related to
the accused Kindle products – constituting the bulk of discovery
to take place in this case – are located in the Northern
District of California." (Id. (citing Dean Decl., ECF No. 43-2,
¶ 4).) Amazon states the "information related to [its] U.S.
sales, finances, and marketing operations is maintained in
Seattle[, Washington]." (Id. (citing Dean Decl., ECF No. 43-2,
¶ 5).) Amazon further contends that B.E. has only produced 222
documents in its initial disclosures relating to the conception
and reduction to practice of the '290 Patent, and that "the size
of this production belies B.E.'s claim of inconvenience,
considering that the bulk of discovery in this case and a
significantly greater number of documents are located in
California or Washington at Amazon's offices." (ECF No. 49 at
4.) Further, Amazon notes that these documents have already
been produced, thus there is no ongoing inconvenience to B.E.
relating to the sources of proof. (Id.)

B.E. argues that, because its CEO resides in the Western District of Tennessee, its corporate documents and records, "including documents demonstrating the conception and reduction to practice of [the patent-in-suit]," are located in the Western District. (ECF No. 46 at 8, 14-16.) B.E. notes that while some of Amazon's sources of proof are located in the Northern District of California, other sources of proof are located in Washington, and B.E.'s own sources of proof are located in Tennessee and have been maintained there for years. (Id. at 14.) B.E. also contends that "the location of relevant documentary evidence is increasingly less important in deciding motions to transfer," and that because documents can be exchanged electronically the weight given this factor should be minimal. (Id. at 15.) B.E. finally argues that this factor does not weigh in favor of transfer because "it can be expected that Amazon will eventually produce its documents to B.E.'s lead counsel in California, not to B.E. in Tennessee." (Id.)

As an initial matter, the Court disagrees with B.E.'s contention that advances in electronic document transfer reduce the importance of the location-of-sources-of-proof factor. This notion has been expressly rejected by the Federal Circuit. See, e.g., In re Link_A_Media Devices Corp., 662 F.3d 1221, 1224 (Fed. Cir. 2011) (reversing a district court that did not consider the factor, stating, "While advances in technology may

alter the weight given to these factors, it is improper to ignore them entirely"); In re Genentech, Inc., 566 F.3d 1338, 1345-46 (Fed. Cir. 2009) (finding clear error where a district court "minimized the inconvenience of requiring the petitioners to transport their documents by noting that '[t]he notion that the physical location of some relevant documents should play a substantial role in the venue analysis is somewhat antiquated in the era of electronic storage and transmission'" (quoting Sanofi-Aentis Deutschland GmbH v. Genentech, Inc., 607 F. Supp. 2d 769, 777 (E.D. Tex. 2009))).

The Court agrees that it is likely that the sheer volume of documents Amazon has in its possession outnumbers the patent-related documents in B.E.'s possession, and that B.E. has already produced documents related to the conception and reduction to practice of the '290 Patent, but the Court disagrees that this is enough to tip the balance in favor of transfer. The Court finds that both parties maintain documents in their respective districts, but that Amazon also maintains documents outside the transferee district; that these documents will be integral to the proceedings; and that Amazon will be expected to serve its documents on B.E.'s counsel in Northern California, not in the Western District of Tennessee. Amazon's reliance on L&P Property Management Co. v. JTMD, LLC, No. 06-13311, 2007 WL 295027 (E.D. Mich. Jan. 29, 2007), is misplaced.

(See ECF No. 43-1 at 8.)  In L&P Property Management, the court found that transfer was appropriate as all of the movant's relevant documents were located in the transferee district and there were no relevant documents in the transferor district. See L&P Prop. Mgmt. Co., 2007 WL 295027, at *4.  In the instant case, Amazon indicated that some of its relevant documents are located outside the transferee district, and B.E. has shown that its relevant documents are located in Tennessee.  Further, B.E. stated that the documents in the transferor district "include[ed] those relating to the conception and reduction to practice" of the patent-in-suit (Hoyle Decl., ECF No. 46-1, ¶ 7), but did not indicate that these were the only documents in the transferor district.  Taken together, the aforementioned facts indicate that as to the location of the sources of proof, the Northern District of California may only be a somewhat more convenient venue for the parties to the instant case.  This factor, however, is not sufficient, by itself, to require transfer.

### 2. Financial Hardships Attendant to Litigating in the Chosen Forum

Amazon argues that its employee-witnesses with relevant knowledge to the instant case are all located in the Northern District of California or Seattle, Washington.  (ECF No. 43-1 at 8.)  As a result, Amazon contends that travel to Tennessee would

impose a significant inconvenience to its witnesses in terms of cost and the disruption to the witnesses' lives. (Id. at 8-10.) Additionally, Amazon argues that the absence of its employee-witnesses from the Amazon headquarters in the transferee district would "adversely affect operations." (Id. at 9.)

B.E. states that it "would face a financial burden by having to litigate in the Northern District of California." (ECF No. 46 at 16.) B.E.'s CEO Hoyle states that "B.E. will incur expenses it will not incur if the case remains in Memphis." (Hoyle Decl., ECF No. 46-1, ¶ 9.) B.E. also states that "[i]t is reasonable to require companies with the wealth and size of Amazon to litigate in jurisdictions in which they regularly conduct business." (ECF No. 46 at 9.) Further, B.E. notes that "Amazon does not contend that it is financially incapable of bearing the expense of litigating in the Western District of Tennessee." (Id. at 16.)

The Court has considered "the relative ability of litigants to bear expenses in any particular forum" among the factors in a § 1404(a) case. Ellipsis, Inc. v. Colorworks, Inc., 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004). In the instant case, B.E.'s CEO stated that the company will incur additional expenses, but it has not shown with any specificity how detrimental those expenses would be to the company. Further, while Hoyle stated that his personal financial status would be

adversely affected by litigating in the Northern District of
California, he did not state why or how his personal finances
would impact B.E., the party to the instant case. (See Hoyle
Decl., ECF No. 46-1, ¶ 9.) B.E. has shown that Amazon has the
ability to bear expenses in this forum (see ECF No. 46-7), but
the Court does not find this to be a dispositive factor in
denying Amazon's Motion. But see Siteworks Solutions, LLC v.
Oracle Corp., No. 08-2130-A/P, 2008 WL 4415075, at *4 (W.D.
Tenn. Sept. 22, 2008) (finding the relative financial strengths
of the parties did not weigh in favor of transferring the case,
as the party opposed to transfer showed it "ha[d] no net worth,
very little revenue, no gross profits, no assets, and [would
have to] borrow from its owners in order to pay the litigation
expenses"). The Court finds that the evidence presented is
insufficient to make a showing that B.E. or Amazon will be
adversely affected by litigating in either forum. The paramount
consideration remains whether the Northern District of
California is more convenient to the parties than B.E.'s chosen
forum.

With respect to convenience, the Court finds this factor
does not weigh in favor of transfer. While Amazon has made a
showing that its business would be disrupted by the absence of
its proposed witnesses, B.E. has made an equal showing that its
business would be disrupted in having to prosecute the instant

24

case in California.  Amazon has shown that the Northern District
of California would be a more convenient forum for it, but it
has not shown that the Northern District of California is a more
convenient forum for both parties.  As a result, the hardship to
Amazon does not indicate transfer is more convenient.

### C.    Interests of Justice

Amazon argues that transfer to the Northern District of
California is appropriate based on additional considerations
that pertain to the interests-of-justice factor.  (ECF No. 43-1
at 13-15; ECF No. 49 at 9.)  These considerations include the
"public-interest concerns, such as systemic integrity and
fairness," of the proceedings.  See Moore, 446 F.3d at 647 n.1.
In the instant case, the Court will consider the relative trial
efficiency of the transferee and transferor districts and the
localized interest in the litigation.

### 1.    Trial Efficiency

Amazon argues that while the Western District of Tennessee
has a shorter median time from filing to trial, "the median time
from filing to final disposition of cases in the Western
District of Tennessee is longer than in the Northern District of
California."  (ECF No. 49 at 9.)  Amazon concedes, however, that
in general this factor is neutral.  (Id.)

B.E. argues that transfer to the Northern District of
California "would likely delay trial of this case by at least

one year." (ECF No. 46 at 17.) B.E. cites 2012 federal court statistics for both districts to illustrate that the median time from filing to trial in the Northern District of California was 32.7 months, while the median time from filing to trial in the Western District of Tennessee was 18.8 months. (Id. (citing ECF No. 46-8).)

Reviewing the statistics and the parties' arguments, the Court finds this factor neutral to its determination of whether the Northern District of California is the more convenient forum.

### 2. Local Interest

Amazon argues that the Northern District of California has strong local ties to the instant case because Amazon produces the allegedly infringing products there, its employees are located there, and the sources of proof are located there. (ECF No. 43-1 at 14.) Amazon also asserts that B.E.'s ties to the Western District of Tennessee should be discounted because it manufactured those ties in anticipation of litigation. (Id.) Amazon also argues that the Northern District of California has a "strong local interest in adjudicating claims calling into question the activities of companies and employees who reside in the District." (Id. (citing In re Hoffman-LaRoche, Inc., 587 F.3d 1333, 1336 (Fed. Cir. 2009)).)

B.E. argues that the Western District of Tennessee has a substantial local interest in the instant case because the holder of the patent-in-suit is located in this District and because Amazon has allegedly infringed the patent in this District.  (ECF No. 46 at 17-18.)  B.E. also asserts that its ties to Tennessee are not "recent, ephemeral, or manufactured for the purposes of litigation."  (Id. at 17)  Hoyle stated that he has resided in the Western District of Tennessee since 2006, that Memphis is B.E's principal place of business, and that the sources of proof pertinent to the instant case are located in the District.  (Hoyle Decl., ECF No. 46-1, ¶¶ 2-4, 7-8.)

The Court finds that this factor does not weigh in favor of transfer.  While Amazon has local ties to the Northern District of California, the Court finds that B.E. has local ties to the Western District of Tennessee.  Further, the Court finds that B.E.'s connection to the Western District of Tennessee was not manufactured for the purposes of litigation.  B.E.'s founder and CEO, who is also the holder of the patent-in-suit, has resided in the District for seven years.  B.E.'s connections, therefore, are neither "recent" nor "ephemeral."  As a result, Amazon has not demonstrated that the Northern District of California's local interest outweighs that of the Western District of Tennessee.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that, in balancing the statutory factors, Amazon has not demonstrated that the Northern District of California is a more convenient forum than the Western District of Tennessee.  Therefore, Amazon's Motion to Transfer Venue is DENIED.

Accordingly, the Court hereby LIFTS the February 12, 2013, stay of all proceedings.  (ECF No. 45.)  Regarding Defendant's Motion to Dismiss, filed January 7, 2013 (ECF No. 32), Plaintiff shall have one (1) day from the date of entry of this Order, up to and including July 23, 2013, to file its Response.[1]

**IT IS SO ORDERED** this 19th day of July, 2013.

s/ Jon P. McCalla_____
CHIEF U.S. DISTRICT JUDGE

---

[1] On February 6, 2013, the Court granted Plaintiff's Motion for Extension of Time to file its response to Amazon's Motion to Dismiss (ECF No. 42).  The Order gave Plaintiff until February 13, 2013, to file its response.  The Court thereafter stayed the instant case on February 12, 2013.  As a result, one day remained in the time allotted for Plaintiff to file its response.