IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| B.E. TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12-cv-02767-JPM-tmp |
| | ) | |
| AMAZON DIGITAL SERVICES, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| B.E. TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12-cv-02769-JPM-tmp |
| | ) | |
| FACEBOOK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| B.E. TECHNOLOGY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12-cv-02772-JPM-tmp |
| | ) | |
| LINKEDIN CORP., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| B.E. TECHNOLOGY, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-cv-02781-JPM-tmp |
| ) | |
| GROUPON, INC., ) | |
| ) | |
|     Defendant. ) | |

| | |
|---|---|
| B.E. TECHNOLOGY, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-cv-02782-JPM-tmp |
| ) | |
| PANDORA MEDIA, INC., ) | |
| ) | |
|     Defendant. ) | |

| | |
|---|---|
| B.E. TECHNOLOGY, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:12-cv-02783-JPM-tmp |
| TWITTER, INC., ) | |
| ) | |
|     Defendant. ) | |

| | |
|---|---|
| B.E. TECHNOLOGY, LLC, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-cv-02823-JPM-tmp |
| ) | |
| BARNES & NOBLE, INC., ) | |
| ) | |
|     Defendant. ) | |

| | |
|---|---|
| B.E. TECHNOLOGY, LLC,              ) <br> ) <br>     Plaintiff,                  ) <br> ) <br> v.                                 ) <br> ) <br> SAMSUNG TELECOMMUNICATIONS         ) <br> AMERICA, LLC,                      ) <br> ) <br>     Defendant.                 ) | No. 2:12-cv-02824-JPM-tmp |
| B.E. TECHNOLOGY, LLC,              ) <br> ) <br>     Plaintiff,                  ) <br> ) <br> v.                                 ) <br> ) <br> SAMSUNG ELECTRONICS AMERICA,       ) <br> INC.,                              ) <br> ) <br>     Defendant.                 ) | No. 2:12-cv-02825-JPM-tmp |
| B.E. TECHNOLOGY, LLC,              ) <br> ) <br>     Plaintiff,                  ) <br> ) <br> v.                                 ) <br> ) <br> SONY COMPUTER ENTERTAINMENT        ) <br> AMERICA LLC,                       ) <br> ) <br>     Defendant.                 ) | No. 2:12-cv-02826-JPM-tmp |

| | |
|---|---|
| B.E. TECHNOLOGY, LLC,           )<br>                                 )<br>    Plaintiff,                  )<br>                                 )<br>v.                               )<br>                                 )<br>SONY MOBILE COMMUNICATIONS       )<br>(USA) INC.,                      )<br>                                 )<br>    Defendant.                   ) | No. 2:12-cv-02827-JPM-tmp |
| B.E. TECHNOLOGY, LLC,           )<br>                                 )<br>    Plaintiff,                  )<br>                                 )<br>v.                               )<br>                                 )<br>SONY ELECTRONICS INC.,           )<br>                                 )<br>    Defendant.                   ) | No. 2:12-cv-02828-JPM-tmp |
| B.E. TECHNOLOGY, LLC,           )<br>                                 )<br>    Plaintiff,                  )<br>                                 )<br>v.                               )<br>                                 )<br>MICROSOFT CORP.,                 )<br>                                 )<br>    Defendant.                   ) | No. 2:12-cv-02829-JPM-tmp |
| B.E. TECHNOLOGY, LLC,           )<br>                                 )<br>    Plaintiff,                  )<br>                                 )<br>v.                               )<br>                                 )<br>GOOGLE INC.,                     )<br>                                 )<br>    Defendant.                   ) | No. 2:12-cv-02830-JPM-tmp |

| | |
|---|---|
| B.E. TECHNOLOGY, LLC,            )<br>                                  )<br>     Plaintiff,                  )<br>                                  )<br>v.                                )<br>                                  )<br>APPLE INC.,                       )<br>                                  )<br>     Defendant.                   ) | No. 2:12-cv-02831-JPM-tmp |
| B.E. TECHNOLOGY, LLC,            )<br>                                  )<br>     Plaintiff,                  )<br>                                  )<br>v.                                )<br>                                  )<br>PEOPLE MEDIA, INC.,               )<br>                                  )<br>     Defendant.                   ) | No. 2:12-cv-02833-JPM-tmp |
| B.E. TECHNOLOGY, LLC,            )<br>                                  )<br>     Plaintiff,                  )<br>                                  )<br>v.                                )<br>                                  )<br>MATCH.COM, LLC,                   )<br>                                  )<br>     Defendant.                   ) | No. 2:12-cv-02834-JPM-tmp |
| B.E. TECHNOLOGY, LLC,            )<br>                                  )<br>     Plaintiff,                  )<br>                                  )<br>v.                                )<br>                                  )<br>MOTOROLA MOBILITY HOLDINGS,       )<br>LLC,                              )<br>                                  )<br>     Defendant.                   ) | No. 2:12-cv-02866-JPM-tmp |

**ORDER GRANTING MOTIONS TO STAY**

Before the Court are (1) the Motion to Stay Litigation Pending Inter Partes Review ("IPR") filed on November 22, 2013 by Defendant Samsung Electronics America, Inc. ("SEA") and Defendant Samsung Telecommunications America, LLC ("STA"[1]; collectively, with SEA, "Samsung") (ECF No. 66),[2] (2) the Motion to Stay Proceedings Pending IPR filed on November 26, 2013 by Defendant Groupon, Inc. ("Groupon") (No. 12-cv-02781, ECF No. 55), and (3) the Motion to Stay Litigation Pending IPR filed on November 27, 2013 by Defendant Facebook, Inc. ("Facebook")  (No. 12-cv-02769-JPM-tmp, ECF No. 71.)

For the following reasons, the Motions are GRANTED.

I.   **BACKGROUND**

These related cases[3] concern alleged infringement of Plaintiff B.E. Technology, LLC's ("B.E.") patents, United States

---

[1] B.E. Technology, L.L.C. v. Samsung Telecommunications America, LLC, No. 2:12-cv-02824-JPM-tmp.
[2] Unless otherwise noted, all ECF citations refer to B.E. Technology, L.L.C. v. Samsung Electronics America, Inc., No. 12-cv-02825-JPM-tmp.
[3] The related cases are as follows: B.E. Technology, LLC v. Amazon Digital Services, Inc., No. 12-cv-02767-JPM-tmp; B.E. Technology, LLC v. Facebook, Inc., 12-cv-2769-JPM-tmp; B.E. Technology, Inc. v.  LinkedIn Corp., No. 2:12-cv-02772-JPM-tmp; B.E. Technology, LLC v. Groupon, Inc., 12-cv-2781-JPM-cgc; B.E. Technology, LLC v. Pandora Media, Inc., 12-cv-2782-JPM-cgc; B.E. Technology, LLC v. Twitter, Inc., No. 2:12-cv-02783-JPM-tmp; B.E. Technology, LLC v. Barnes & Noble, Inc., 12-cv-2823-JPM-tmp; B.E. Technology, Inc. v. Samsung Telecommunications America, LLC., No. 12-cv-02824-JPM-tmp; B.E. Technology, L.L.C. v. Samsung Electronics America, Inc., No. 12-cv-02825-JPM-tmp; B.E. Technology, LLC v. Sony Computer Entertainment America, LLC, 12-cv-2826-JPM-tmp; B.E. Technology, LLC v. Sony Mobile Communications (USA), Inc., 12-cv-2827-JPMtmp; B.E. Technology, LLC v. Sony Electronics, Inc., 12-cv-2828-JPM-tmp; B.E. Technology, LLC v. Microsoft Corp., 12-cv-2829-JPM-tmp;

Patent No. 6,771,290 (the "'290 patent"), and United States Patent No. 6,628,314 (the "'314 patent"). (See Def's Mem. at 3, ECF No. 66-1.)

On October 9, 2013, Samsung filed an IPR petition with the Patent and Trademark Office ("PTO") seeking review of claims 2 and 3 of the '290 patent. (Def's Mem. at 3, ECF No. 66-1.) "Four other IPR petitions challenging the same claims of the '290 patent were filed at around the same time: Google filed two petitions on October 7, Sony filed a petition on October 8, and Microsoft filed a petition on October 9." (ECF No. 66-1, Exs. 2-5.) Samsung also understands that four IPRs have been filed against the '314 patent. (Def's Mem. at 4, ECF No. 66-1.) Many of the other 16 remaining defendants filed petitions for IPR for both the '290 and '314 patents. (Def's Mem. at 4, ECF No. 66-1.) Plaintiff does not oppose the motion to stay so long as all litigation involving '290 and '314 is also stayed. (Def's Certificate of Consultation at 4, ECF No. 66.)

## II. STANDARD

"The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary." Ellis v. Merck & Co., Inc., No. 06-1005-T/AN,

---

B.E. Technology, LLC v. Google Inc., 12-cv-2830-JPM-tmp; B.E. Technology, LLC v. Apple Inc., 12-cv-2831-JPM-tmp; B.E. Technology, LLC v. People Media, Inc., 12-cv-2833-JPM-tmp; B.E. Technology, LLC v. Match.com, LLC, 12-cv-2834-JPM-tmp; and B.E. Technology, LLC v. Motorola Mobility Holdings, LLC, 12-cv-2866.

7

2006 WL 448694 (W.D. Tenn. Feb. 19, 2006) (citation omitted). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Gray v. Bush, 628 F.3d 779, 785 (6th Cir. 2010) (alteration in original) (quoting Landis v. North American Co., 299 U.S. 248, 254 (1936)) (internal quotation marks omitted).

"To determine whether a stay pending [IPR] is appropriate, courts apply the same factors as determining whether to stay a case pending reexamination." Regents of Univ. of Michigan v. St. Jude Med., Inc., No. 12-12908, 2013 WL 2393340, at *2 (E.D. Mich. May 31, 2013) (citation omitted).  In determining whether to stay litigation pending patent reexamination by the PTO, courts generally consider the following three factors:  "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Procter & Gamble Co. v. Team Techs., Inc., No. 1:12-cv-552, 2013 WL 4830950, at *2 (S.D. Ohio Sept. 10, 2013) (quoting Tdata Inc. v. Aircraft Technical Publishers, Nos. 2:03-cv-264, 2:04-cv-1072 (S.D. Ohio Jan. 4, 2008)). "Courts have inherent power to manage their dockets and stay

8

proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).

### III. ANALYSIS

Samsung argues that all three factors favor staying this case pending the outcome of the IPR. Groupon and Facebook make similar arguments. The Court agrees with Samsung, Groupon, and Facebook. These three factors are addressed in turn.

#### A. Undue Prejudice or Clear Tactical Disadvantage

Samsung argues that a stay will not prejudice any parties in this case. First, "Samsung also understands that most, if not all, of the 16 other defendants will either move to stay their respective cases, or will not actively oppose entry of a stay in their cases—again so long as all the other cases involving the '290 and '314 patents are also stayed." (Def's Mem. at 1, ECF No. 66-1.) Samsung and B.E. agree that this case should be stayed pending the resolution of the IPR petitions - so long as all other pending litigation regarding the '290 and '314 patent are also stayed. (Def's Mem. at 1-2, ECF No. 66-1.) According to Samsung, B.E. would not be prejudiced since a stay will not unduly delay litigation. (Id. at 10).

Samsung contends that since "B.E. does not compete with Samsung or any of the other [D]efendants" and "exists solely to enforce its patent rights," monetary damages will be B.E.'s only

9

remedy and this remedy will not be impacted by a stay. (Id. at 10 (citing Software Rights Archive, 2013 WL 5225522, at *6); see also Visual Interactive Phone Concepts, Inc. v. Samsung Telecommunications America, LLC., No. 11-12945, 2012 WL 1049197, at *3 (E.D. Mich. Mar. 28. 2012).)

Samsung claims that "most, if not all, of the 16 other defendants will either move to stay their respective cases, or will not actively oppose an entry of a stay in their cases," so long as all the cases are also stayed. (Def's Mem. at 1, ECF No. 66-1.)

Second, Samsung contends that the Court can sua sponte stay the other actions, without the other Defendants making formal motions. (Def's Mem. at 2, ECF No. 66-1, citing Cascades Computer Innovation, LLC v. SK Hynix Inc., No. 11 C 4356, 2012 WL 2086469, at *2 (N.D. Ill. May 25, 2012).) Samsung suggests doing so would promote judicial efficiency and reduce unnecessary duplication of work. (Id.)

Similarly, Groupon and Facebook argue that since B.E. is a non-practicing entity seeking to protect its patent rights and that B.E. does not oppose staying all litigation, B.E. will not be unfairly prejudiced. (No. 12-cv-02871-JPM-tmp, ECF No. 55-1 at 7); (No. 12-cv-02769-JPM-tmp, ECF No. 71-1 at 1.)

Samsung correctly distinguishes this Court's decision in One Stockduq Holdings, LLC v. Becton, Dickinson & Co., No. 2:12-

10

cv-3037-JPM-tmp, ECF No. 53, at 3-4 (W.D. Tenn. May 6, 2013) from the present case. Though both cases involved a petition for IPR that had not yet been granted, in the present case, B.E. is in favor of the present motion to stay, so long as all of the other pending cases regarding patents '290 and '314 before this court are stayed. B.E.'s assent indicates that B.E. will not suffer prejudice as a result of staying the present cases.

Accordingly, the Court finds that this factor weighs in favor of granting a stay.

**B.   Simplification of Issues**

Samsung argues that statistically speaking, "it is a near certainty that an IPR will be instituted on at least one of those five petitions" and that the PTO will cancel at least some of the challenged claims. (Def's Mem. at 7, ECF No. 66-1.)

The Court notes that Samsung's recitation of the statistics on the granting of IPR petitions is not persuasive. Samsung conflates the statistics for the overall rate of granting IPR petitions with the likelihood of the instant five petitions being granted. The PTO does not grant IPR petitions at random, but based on the merit of each petition. See 35 U.S.C. § 314(a) (The relevant standard for granting a petition for IPR is if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition.")

11

Statistics aside, assuming that the PTO will grant at least some of the petitions for IPR and institute IPR proceedings, Samsung argues that the staying the litigation will simplify any litigation pending in this Court, regardless of the outcome of the review.  "Even if all claims are confirmed by the PTO, the record of the [IPR] will assist this Court in reducing the length and complexity of this litigation and will limit what issues are left to be resolved by this Court."  (Def's Mem. at 7, ECF No. 66-1 (quoting One Stockduq Holdings, LLC v. Becton, Dickinson & Co., No. 2:12-cv-3037-JPM-tmp, ECF No. 85 (W.D. Tenn. Nov. 12, 2013)).)

Groupon and Facebook also argue that a stay will simplify issues for trial.  (No. 12-cv-02871-JPM-tmp, ECF No. 55-1 at 8); (No. 12-cv-02769-JPM-tmp, ECF No. 71-1 at 7.)

This Court agrees that granting the stay to allow the petition for IPR to be considered will simplify the dispute at hand and promote judicial efficiency.  Accordingly, the Court finds that this factor weighs in favor of granting a stay.

### C. Stage of Litigation

Samsung argues that the related cases are early in the stages of litigation, and therefore this factor weighs in favor of granting the stay.  (Def's Mem. at 4, ECF No. 66-1.)  The cases involving the '290 patent are early in discovery.  Samsung provides a brief overview of the current stage of litigation:

12

> No LPR 2.1(d) Patent Scheduling Conference has taken place, and no trial date has been set.  The limited discovery that has occurred includes primarily the exchanges mandated by the Local Patent Rules. Preliminary infringement, non-infringement, invalidity, and validity contentions have been exchanged, and the parties exchanged their preliminary and final identification of terms for construction on September 23 and November 5, 2013, respectively.  Only one deposition has taken place in this case, and that deposition was of a third-party regarding prior art.

(Id. (citation omitted).)  Samsung also contends that absent a stay, more discovery will be needed.  (Id.)  Samsung argues that if "there is more work ahead of the parties and the Court than behind the parties and the Court," this factor weighs in favor of granting the motion to stay.  (Def's Mem. at 9, ECF No. 66-1 (quoting Semiconductor Energy Lab. Co. v. Chimei Innolux Corp., No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *2 (C.D. Cal. Dec. 19, 2012).)

Groupon and Facebook similarly note that the litigation is in its early stages and will not be harmed by a stay.  (No. 12-cv-02871-JPM-tmp, ECF No. 55-1 at 9); (No. 12-cv-02769-JPM-tmp, ECF No. 71-1 at 8.)

The Court agrees with Samsung, Groupon, and Facebook that the litigation is in its early stages, and thus a stay would not be overly disruptive of the related cases.  Accordingly, the Court finds that this factor weighs in favor of granting a stay.

**IV.   CONCLUSION**

For the foregoing reasons, Samsung's Motion to Stay (ECF No. 66-1), Groupon's Motion to Stay (No. 12-cv-02871-JPM-tmp, ECF No. 55), and Facebook's Motion to Stay (No. 12-cv-02769-JPM-tmp, ECF No. 71) are GRANTED.  All proceedings for the related cases are hereby STAYED pending a determination from the PTO. The parties are also ORDERED to file the PTO's determination of whether to institute IPR within three (3) days of the PTO's decision, and the parties are further ORDERED to submit a proposed amended scheduling order within ten (10) days of the PTO's determination.

The parties may move to lift the stay for good cause prior to a determination of the IPR petition by the PTO.

**IT IS SO ORDERED** this 6th day of December, 2013.

/s/ Jon P. McCalla_____
JON P. McCALLA
U.S. DISTRICT JUDGE