# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **B.E. TECHNOLOGY, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 12-cv-02767 – JPM-tmp** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMAZON DIGITAL SERVICES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

| | | |
|---|---|---|
| **B.E. TECHNOLOGY, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 12-cv-02769 – JPM-tmp** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FACEBOOK, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **B.E. TECHNOLOGY, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 12-cv-02772 – JPM-tmp** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LINKEDIN CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **B.E. TECHNOLOGY, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 12-cv-02781 – JPM-tmp** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GROUPON, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

B.E. TECHNOLOGY, L.L.C.,        )

        Plaintiff,      )    Civil Action No. 12-cv-02782 – JPM-tmp

        v.      )

PANDORA MEDIA, INC.,       )

        Defendant.      )

---

B.E. TECHNOLOGY, L.L.C.,        )

        Plaintiff,      )    Civil Action No. 12-cv-02783 – JPM-tmp

        v.      )

TWITTER, INC.,       )

        Defendant.      )

---

B.E. TECHNOLOGY, L.L.C.,        )

        Plaintiff,      )    Civil Action No. 12-cv-02823 – JPM-tmp

        v.      )

BARNES & NOBLE, INC.,       )

        Defendant.      )

---

B.E. TECHNOLOGY, L.L.C.,        )

        Plaintiff,      )    Civil Action No. 12-cv-02824 – JPM-tmp

        v.      )

SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,       )

        Defendant.      )

B.E. TECHNOLOGY, L.L.C.,                     )
                                             )
          Plaintiff,              )    Civil Action No. 12-cv-02825 – JPM-tmp
                                             )
          v.                     )
                                             )
SAMSUNG ELECTRONICS AMERICA, INC.,           )
                                             )
          Defendant.             )
                                             )

---

B.E. TECHNOLOGY, L.L.C.,                     )
                                             )
          Plaintiff,              )    Civil Action No. 12-cv-02826 – JPM-tmp
                                             )
          v.                     )
                                             )
SONY COMPUTER ENTERTAINMENT                  )
AMERICA LLC,                                 )
                                             )
          Defendant.             )

---

B.E. TECHNOLOGY, L.L.C.,                     )
                                             )
          Plaintiff,              )    Civil Action No. 12-cv-02827 – JPM-tmp
                                             )
          v.                     )
                                             )
SONY MOBILE                                  )
COMMUNICATIONS (USA) INC.,                   )
                                             )
          Defendant.             )

---

B.E. TECHNOLOGY, L.L.C.,                     )
                                             )
          Plaintiff,              )    Civil Action No. 12-cv-02828 – JPM-tmp
                                             )
          v.                     )
                                             )
SONY ELECTRONICS INC.,                       )
                                             )
          Defendant.             )

| | | |
|---|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-cv-02829 – JPM-tmp |
| | ) | |
| v. | ) | |
| | ) | |
| MICROSOFT CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-cv-02830 – JPM-tmp |
| | ) | |
| v. | ) | |
| | ) | |
| GOOGLE INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-cv-02831 – JPM-tmp |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-cv-02833 – JPM-tmp |
| | ) | |
| v. | ) | |
| | ) | |
| PEOPLE MEDIA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| **B.E. TECHNOLOGY, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 12-cv-02834 – JPM-tmp** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MATCH.COM, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

| | | |
|---|---|---|
| **B.E. TECHNOLOGY, L.L.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 12-cv-02866 – JPM-tmp** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MOTOROLA MOBILITY HOLDINGS LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINT MOTION (INCLUDING MEMORANDUM) FOR ENTRY OF PROTECTIVE ORDER

(WITH CERTIFICATE OF CONSULTATION)

The parties jointly move this Court to enter the accompanying proposed protective order in the above-captioned case.  Although these matters are currently stayed, there are nine pending petitions for *inter partes* review involving two of the asserted patents: U.S. Patents 6,771,290 ("the '290 Patent") and 6,628,314 ("the '314 Patent").  The agreed-to protective order (emailed to the Court's CM/ECF address simultaneous with this filing) implements, among other provisions, a prosecution bar that will govern the parties if they proceed through the *inter partes* review proceedings.

As detailed more fully in the motions to stay filed by numerous Defendants[1] last year and ultimately granted by this Court, Google, along with several other defendants in the related cases, filed petitions for *inter partes* review of the '290 and '314 Patents before the PTO Patent Trial and Appeal Board ("PTAB") seeking to invalidate all the claims of the '290 and '314 Patents asserted in this cases.  Litigation counsel for B.E. has entered appearances in each of those proceedings.  *See* Ex. A.  Prior to the stay, pursuant to Local Patent Rule 3.4, the majority of Defendants produced confidential and highly confidential materials to B.E.  These materials include product specifications, design documents, and other references describing the accused

---

[1] The defendants are those defendants in the following cases, hereinafter "Defendants:" *B.E. Technology, LLC v. Amazon Digital Servs., Inc*., No. 2:12-cv-02767; *B.E. Technology, LLC v. Facebook, Inc*., No. 2:12-cv-02769; *B.E. Technology, LLC v. LinkedIn Corp*., No. 2:12- cv-02772; *B.E. Technology, LLC v. Pandora Media, Inc*., No. 2:12-cv-02782; *B.E. Technology, LLC v. Twitter, Inc*., No. 2:12-cv-02783; *B.E. Technology, LLC v. Barnes & Noble, Inc.*, No. 2:12-cv-02823; *B.E. Technology, LLC v. Samsung Telecommunications America, LLC*, No. 2:12-cv-02824; *B.E. Technology, LLC v. Samsung Electronics America Inc.*, No. 2:12-cv-02825; *B.E. Technology, LLC v. Sony Computer Entm't Am., Inc*., No. 2:12-cv-02826; *B.E. Technology, LLC v. Sony Mobile Commcn's (USA) Inc.,* No. 2:12-cv-02827; *B.E. Technology, LLC v. Sony Elecs. Inc*., No. 2:12-cv-02828; *B.E. Technology, LLC v. Microsoft Corp*., No. 2:12-cv-02829; *B.E. Technology, LLC v. Google Inc.*, No. 2:12-cv-02830; *B.E. Technology, LLC v. Apple, Inc*., No. 2:12-cv-02831; *B.E. Technology, LLC v. Spark Networks, Inc*., No 2:12-cv-02832 (dismissed); *B.E. Technology, LLC v. People Media, Inc.*, No. 2:12-cv-02833; *B.E. Technology, LLC v. Match.com LLC*, No. 2:12-cv-02834; *B.E. Technology, LLC v. Motorola Mobility Holdings, LLC*, No. 2:12-cv-02866.

1

products and functionalities.  Accordingly, counsel with access to Defendants' highly

confidential materials may participate in the *inter partes* review proceedings.

Using the Court's model protective order set forth in the Local Patent Rules, the parties

have negotiated a protective order that has been agreed to by all the Defendants and B.E.  The

Defendants require some additional protections and looked to the model protective order of the

Northern District of California for guidance.  The parties have agreed to additional provisions,

including a prosecution bar that addresses the issue of who may participate in claim drafting and

amending activities in prosecution activities, including the possible *inter partes* review

proceedings, [2] as well as procedures that govern the production, review and use of source code. [3]

The provisions agreed upon by the parties are largely based upon the Northern District of

California Model Protective Order and are necessary to protect the Defendants' highly

confidential material during the pendency of any *inter partes* review and these cases, should the

cases resume after such proceedings.  The parties have worked diligently to negotiate and agree

---

[2] When necessary, courts include prosecution bars in protective orders because "there may be
circumstances in which the most rigorous efforts of the recipient of [sensitive] information to
preserve confidentiality in compliance . . . with a protective order may not prevent inadvertent
compromise." *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010).  As the
Federal Circuit recognized in *In re Deutsche Bank Trust Co. Americas*, "it is very difficult for the
human mind to compartmentalize and selectively suppress information once learned, no matter
how well-intentioned the effort may be to do so."  *Id.*  Accordingly, prosecution bars are seen as
a less drastic alternative to the disqualification of counsel, and courts consistently include them
in protective orders governing patent cases.  *See, e.g., Applied Signal Technology, Inc. v.
Emerging Mkts. Commc'ns, Inc.*, No. 09-2180 (SBA/DMR), 2011 WL 197811, *1 (N.D. Cal. Jan
20, 2011); *see also Bear Creek Technologies Inc. v. Verizon Services Corp.*, No. 12-cv-600
(GMS), 2012 WL 319762 (D.Del. July 25, 2012); *Pragmatus AV, LLC v. Facebook, Inc.*, Case
No.: 5:11-cv-2168 EJD (PSG) (N.D. Cal. July 5, 2012); *Kelora Systems, LLC v. Target Corp.*,
Nos. C 11–01548 CW (LB), C 10–04947 CW (LB) C 11–01398 CW (LB), C 11–02284 CW
(LB), 2011 WL 6000759, at *7 (N.D. Cal. Aug. 29, 2011); *Eon Corp. IP Holdings, LLC v. AT&T
Mobility LLC*, 881 F.Supp.2d 254, 257 (D. Puerto Rico, July 30, 2012).

[3] *See Viacom International Inc. v. YouTube Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008) (noting that
Google's source code is a "vital," "valuable," and "vulnerable…asset").

to these provisions as well as other protections deemed necessary by the inclusion of competitor defendants and the particular posture of these cases.  The parties believe that the agreed-to protective order establishes a fair and secure process for the production, review and use of confidential, highly confidential, and highly confidential source code materials in these cases.

Under Federal Rule of Civil Procedure 26(c), the Court is empowered to issue protective orders "for good cause shown" to prevent "undue burden or expense" by ordering, *inter alia*, "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."  Fed. R. Civ. P. 26(c)(7).  For the foregoing reasons, the parties jointly and respectfully request that the Court grant this motion and enter their proposed protective order.

Respectfully submitted,

s/Glen G. Reid, Jr. (#8184)
Glen G. Reid, Jr.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Phone: 901.537.1000
Facsimile: 901.537.1010
greid@wyattfirm.com


s/Mark Vorder-Bruegge, Jr. (#06389)
Mark Vorder-Bruegge, Jr.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Phone: 901.537.1000
Facsimile: 901.537.1010
mvorder-bruegge@wyattfirm.com

*Attorneys for Amazon Digital Services, Inc.*

s/Richard M. Carter (per Consent MVB)
Richard M. Carter (TN B.P.R. #7285)
Adam J. Eckstein (TN B.P.R. #27200)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Avenue, Suite 1000
Memphis, TN 38119-4839
Telephone: (901) 522-9000
Facsimile: (901) 527-3746
AEckstein@martintate.com

Robert E. Freitas (CA Bar No. 80948)
Craig R. Kaufman (CA Bar No. 15945)
Qudus B. Olaniran (CA Bar No. 267838)
Daniel J. Weinberg (CA Bar No. 227159)
FREITAS TSENG & KAUFMAN LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301
rfreitas@ftklaw.com
ckaufman@ftklaw.com
qolaniran@ftklaw.com
dweinberg@ftklaw.com

*Attorneys for B. E. Technology, L.L.C.*

Of counsel:

J. David Hadden
dhadden@fenwick.com
Darren E. Donnelly
ddonnelly@fenwick.com
Saina S. Shamilov
sshamilov@fenwick.com
Ryan J. Marton
rmarton@fenwick.com
Leslie Kramer
lkramer@fenwick.com
Melissa H. Keyes
mkeyes@fenwick.com
Clifford C. Webb
cwebb@fenwick.com
Justin G. Hulse
jhulse@fenwick.com
FENWICK & WEST LLP
801 California Street, 6th Floor
Mountain View, CA 94041
Phone: 650.988.8500
Facsimile:  650.938.5200

*Attorneys for Amazon Digital Services, Inc.*

## CERTIFICATE OF CONSULTATION

The foregoing motion is filed jointly by all parties as a result of successful pre-filing consultation in compliance with the Court's Local Rule 7.

s/Mark Vorder-Bruegge, Jr. (#06389)

Mark Vorder-Bruegge, Jr.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Phone: 901.537.1000
Facsimile: 901.537.1010
mvorder-bruegge@wyattfirm.com

## CERTIFICATE OF SERVICE

The foregoing motion is being filed via the Court's CM/ECF system, thereby automatically effecting service on all counsel who have appeared in the action.

s/Mark Vorder-Bruegge, Jr. (#06389)

Mark Vorder-Bruegge, Jr.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
Memphis, TN 38120-4367
Phone: 901.537.1000
Facsimile: 901.537.1010
mvorder-bruegge@wyattfirm.com

61134657.1