UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:12-cv-02767 |
| | ) |
| v. | ) Judge Jon Phipps McCalla |
| | ) |
| AMAZON DIGITAL SERVICES, INC., | ) |
| | ) Magistrate Judge |
| Defendant. | ) Charmiane G. Claxton |
| | ) |
| | ) Jury Trial Demanded |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff B.E. Technology, L.L.C. ("B.E.") respectfully responds to the Court's January 19, 2017, order to show cause as to why the instant claims and action should not be dismissed as moot. (ECF No. 82). B.E.'s claim with regards to United States Patent No. 6,771,290 (the "'290 patent") may be dismissed as moot, however, B.E.'s claim with regards to United States Patent No. 6,141,010 (the "'010 patent") should not be dismissed. The '010 was not the subject of *inter partes* review and B.E.'s claim of infringement of the '010 patent remains live.

On September 20, 2012, B.E. filed its First Amended Complaint against Amazon alleging infringement of the '290 patent and the '010 patent. (ECF No. 9). B.E. asserted the '290 patent in a number of related cases (Case Nos. 12-2767, -2824, -2825, -2826, -2827, -2828, -2829, -2830, -2831, -2866), but only asserted the '010 patent against Amazon.

In October 2013, defendants in certain of the related cases filed petitions for *inter partes* review ("IPR") of the '290 patent with the Patent Trial and Appeal Board ("PTAB"). Amazon

did not file a petition for *inter partes* review of any claims of the '290 patent or the '010 patent. The Court stayed B.E.'s lawsuit against Amazon on December 6, 2013, pending resolution of the IPR proceedings against the '290 patent (ECF No. 71).

On April 6, 2015, the PTAB issued final written decisions finding the claims of the '290 patent asserted in this case unpatentable. *See*, *e.g.*, *Microsoft Corporation v. B.E. Technology, L.L.C.*, IPR2014-00040 (Paper 37). On August 12, 2016, the United States Court of Appeals for the Federal Circuit affirmed the PTAB's determination that claims 1-3 of the '290 patent are unpatentable. *See B.E. Tech., L.L.C. v. Sony Mobile Communs. (USA) Inc.*, 657 F. App'x 982, 990 (Fed. Cir. 2016). In view of the PTAB's cancellation of all claims of the '290 patent, the Court issued orders dismissing B.E.'s claims as moot in the related cases where the '290 patent was asserted. *See* Case No. 12-2824, ECF No. 83; Case No. 12-2825, ECF No. 86; Case No. 12-2829, ECF No. 82; Case No. 12-2830, ECF No. 80; Case No. 12-2831, ECF No. 79; Case No.12-2866, ECF No. 74.

Among the cases B.E. filed in this Court, the '010 patent was asserted only against Amazon. The '010 patent, however, was not the subject of IPR and B.E.'s claim regarding the '010 patent has not been fully litigated. Because a live case and controversy remains, dismissal of B.E.'s claim against Amazon for infringement of the '010 patent would be improper.

Amazon indicated during a meet and confer call that it intends to seek dismissal without prejudice of the claim related to the '010 patent under Federal Rule of Civil Procedure 41(b) due to a "failure to prosecute" the claim. Amazon identified no authority supporting the suggestion that "failure to prosecute" a claim that has been stayed by agreement of the parties justifies dismissal of the claim.

The Sixth Circuit considers four factors in reviewing district court dismissals for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Tung-Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). None of these factors weighs in favor of dismissing this case for "failure to prosecute."

First, there was no "failure to prosecute." By agreement of the parties and order of the Court, this case was stayed on December 6, 2013 pending IPR proceedings on the '290 patent. ECF No. 71. The case remains stayed. Over the past year, B.E. and other defendants have litigated the issue of the dismissal of the '290 patent claims in related cases, culminating with the Court's December 20, 2017, orders dismissing B.E.'s '290 claims as moot. *See* Case No. 12-2824, ECF No. 83; Case No. 12-2825, ECF No. 86; Case No. 12-2829, ECF No. 82; Case No. 12-2830, ECF No. 80; Case No. 12-2831, ECF No. 79; Case No.12-2866, ECF No. 74. With that issue resolved, B.E. is now prepared to move forward with its claims regarding the '010 patent. There has been no "willfulness, bad faith" or fault on B.E.'s part by adhering to the stay.

There has been no prejudice to Amazon by any "delay" to which Amazon can legitimately point. Amazon agreed to a stay when other parties challenged the '290 patent in IPR. Amazon did not "warn" B.E. of any "failure to cooperate" in prosecution of the case. Indeed, Amazon was content to allow the IPRs to proceed without parallel litigation of the '010 patent. In meet and confer discussions, Amazon sought dismissal of the case as a whole, and did not contend that litigation should proceed. Finally, no "less drastic sanctions" have been imposed or even suggested previously.

It is not difficult to discern Amazon's motivation for seeking dismissal – even without prejudice – of the claim relating to the '010 patent. After having made the strategic decision in 2013 to not file an IPR petition, Amazon is attempting to re-set the IPR clock, and circumvent the rules regarding the time in which an IPR challenge must be asserted. Pursuant to 35 U.S.C. § 315(b), "[a]n inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." More than one year has passed since Amazon was "served with a complaint alleging infringement of" the '010 patent. As a result, Amazon is now statutorily barred from petitioning for IPR of the '010 patent. But if this case is dismissed without prejudice, and B.E. is forced to file a new complaint alleging Amazon's infringement of the '010 patent, Amazon will argue that it has a second opportunity to file an IPR against the '010 patent. "When considering the statutory bar under § 315(b), the Board has consistently held that dismissal without prejudice of a party from district court litigation nullifies the effect of service on that party of the underlying complaint." *Atlanta Gas Light v. Bennet Regulator Guards, Inc.*, IPR2015-00826, slip op. at 14 (PTAB Aug. 19, 2016) (Paper 31) (citing cases).

> The Board has held, in a precedential decision, that there is no bar after a voluntary dismissal without prejudice, and we see no compelling reason to treat involuntary dismissals differently. Patent Owner identifies no precedent that limits the impact of a dismissal from district court litigation, as it relates to *inter partes* review proceedings, according to whether the dismissal was voluntary or involuntary.

*Id*. at 16 (citations omitted). There are no grounds for dismissing B.E.'s claims regarding the '010 patent, and no grounds for giving Amazon a second chance to file an IPR it could have filed years ago, but chose not to.

B.E. requests that its claim regarding the '290 patent be dismissed as moot, but that the stay be lifted so that B.E. may proceed with its claim regarding the '010 patent.

Dated: January 26, 2018

Respectfully submitted,

*/s/Daniel J. Weinberg*
Robert E. Freitas (CA Bar No. 80948)
Daniel J. Weinberg (CA Bar No. 227159)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 593-6300
Facsimile: (650) 593-6301
rfreitas@fawlaw.com
dweinberg@fawlaw.com

Richard M. Carter (TN B.P.R. #7285)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Avenue, Suite 1000
Memphis, TN 38119-4839
Telephone: (901) 522-9000
Facsimile: (901) 527-3746
rcarter@martintate.com

Attorneys for Plaintiff
B.E. Technology, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2018, a true and correct copy of the foregoing was electronically filed with the United States District Court for the Western District of Tennessee and was served on all counsel by the Court's electronic filing notification or via email.

*/s/Daniel J. Weinberg*
Daniel J. Weinberg