IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| B.E. TECHNOLOGY, LLC, | ) |
| Plaintiff, | ) ) ) Case No. 2:12-cv-02767-JPM-tmp |
| v. | ) **JURY DEMAND** |
| AMAZON DIGITAL SERVICES, INC., | ) ) |
| Defendant. | ) ) |

**RESPONSE OF DEFENDANT AMAZON DIGITAL SERVICES, INC.
TO ORDER TO SHOW CAUSE (DKT. NO. 82)**

Defendant Amazon Digital Services, Inc. ("Amazon") respectfully submits this response to the Court's January 19, 2018 order to show cause as to why the instant action should not be dismissed as moot. (Dkt. No. 82.) No good cause exists to continue this action.

Indeed, the parties conferred and agree that B.E. Technology, LLC's ("B.E.") claim for infringement of United States Patent No. 6,771,290 (the "'290 patent") should be dismissed as moot in view of the Patent Trial and Appeal Board's ("PTAB") determination that the '290 patent is invalid, and the Federal Circuit's affirmance of that determination. *B.E. Tech., L.L.C. v. Sony Mobile Communs. (USA) Inc.*, 657 F. App'x 982, 990 (Fed. Cir. 2016). Although the other patent at issue in this action, U.S. Patent No. 6,141,010 (the "'010 patent") was not the subject of a post grant review by the PTAB, B.E.'s claim of infringement of that patent should also be dismissed as moot because B.E. has made no effort to move the claim forward. *See* Fed. R. Civ. P. 41(b); *Marchand v. Smith & Nephew*, No. 11-2621-STA-CGC, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (the "district court has the inherent power [under Rule 41(b)] to dismiss a case *sua*

1

*sponte* for failure to prosecute."); *Miller v. Spencer Gifts, LLC*, No. 15-1095, 2016 WL 325155, *1, *2 (W.D. Tenn. Jan. 27, 2016) (dismissing case for failure to prosecute where plaintiff "ha[d] done nothing to move th[e] case forward," finding the delay was "prejudicial to Defendant's desire to see the case disposed of in an expeditious manner").

B.E. filed its original complaint, asserting the '290 patent, on September 7, 2012. (Dkt. No. 1.) B.E. amended its complaint to assert the '010 patent on September 20, 2012. (Dkt. No. 9.) On December 6, 2013—over four years ago—B.E. voluntarily agreed to a stay of this case in its entirety pending the PTAB's review of the '290 patent. (Dkt. No. 71.) That review and the subsequent appeals concluded on August 12, 2016, when the Federal Circuit affirmed the PTAB's determination of invalidity of the '290 patent claims. *Sony Mobile Comm'cns. (USA) Inc.*, 657 F. App'x 982 at 990. But in the *seventeen* months that followed—during which all of B.E.'s cases in this district remained dormant, but for motion practice relating to the proper form of dismissal of its invalidated claims—B.E. made no attempt to pursue its claim for infringement of the '010 patent. It has not requested that the stay be lifted, attempted to settle this action, or otherwise engaged in any substantive communications with Amazon about this action. Nor has it responded to Amazon's repeated inquiries about B.E.'s plans with respect to the '010 patent.[1] Because of this "clear record of delay," B.E.'s claim alleging infringement of the '010 patent should be dismissed as moot. *See Jones v. Makowsky, Ringel, & Greenberg Properties*, No. 14-CV-2961-SHM-DKV, 2015 WL 5334203, at *2 (W.D. Tenn. July 23, 2015).

---

[1] Counsel for Amazon contacted counsel for B.E. no fewer than five times between September 6, 2017 and November 13, 2017 asking if B.E. would agree to dismiss its claims alleging infringement of the '010 patent. B.E.'s counsel provided no substantive response and only promised to check with their client. Amazon learned of B.E.'s intent to continue to prosecute the '010 patent claims only after the Court issued its order to show cause.

Indeed, at this late stage, resuming the case would be highly prejudicial to Amazon. Most, if not all, of the products identified in B.E.'s infringement contentions, served in January 2013, have been discontinued for at least four years. The memories of those knowledgeable about these since-deprecated products will have faded and evidence will be more difficult to obtain, prejudicing Amazon's ability to prepare its defenses. *See, e.g.*, *Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 835 (6th Cir. 2015) ("[D]elays are prejudicial when they make it difficult to secure relevant records and witnesses with sufficient memory of the events at issue.") (internal citations omitted).[2] As B.E. has no excuse for not moving this action forward, the action should be dismissed in its entirety.

Accordingly, Amazon respectfully requests that, in addition to dismissing B.E.'s claims relating to the '290 patent as moot, the Court also dismiss B.E.'s claims relating to the '010 patent for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

---

[2] B.E.'s national counsel at Freitas Angell & Weinberg, LLP has indicated that it intends to withdraw. Finding new counsel could result in yet more delay, further prejudicing Amazon.

Dated:  January 26, 2018                           Respectfully submitted,

By:  */s/ Saina S. Shamilov*

Glen G. Reid, Jr. (#8184)
greid@wyattfirm.com
Mark Vorder-Bruegge, Jr. (#06389)
mvorder-bruegge@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
6070 Poplar Avenue, Suite 300
Memphis, TN  38119
Phone:  901-537-1069
Fax:  901-537-1010

*Of counsel:*

J. David Hadden
Email: dhadden@fenwick.com
Saina S. Shamilov
Email: sshamilov@fenwick.com

FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone: 650.988.8500
Facsimile:  650.938.5200


Counsel for Defendant
AMAZON DIGITAL SERVICES, INC.

4

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Robert E. Freitas (CA Bar No. 80948)
Daniel J. Weinberg (CA Bar No. 227159)
FREITAS ANGELL & WEINBERG LLP
350 Marine Parkway, Suite 200
Redwood Shores, CA  94065
Telephone:  (650) 593-6300
Facsimile:   (650) 593-6301
rfreitas@fawlaw.com
dweinberg@fawlaw.com

Richard M. Carter (TN B.P.R. #7285)
Adam C. Simpson (TN B.P.R. #24705)
MARTIN, TATE, MORROW & MARSTON, P.C.
6410 Poplar Avenue, Suite 1000
Memphis TN 38119-4839

                                                      By:     /s/ Saina S. Shamilov
                                                           Saina S. Shamilov

                                                           Counsel for Defendant
                                                           AMAZON DIGITAL SERVICES, INC.