## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| B.E. TECHNOLOGY, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:12-cv-2767-JPM-tmp |
| v. | ) | |
| | ) | Hon. Jon Phipps McCalla |
| AMAZON DIGITAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### UNOPPOSED MOTION TO WITHDRAW FROM REPRESENTATION

Pursuant to Local Rule 83.5, Freitas & Weinberg LLP ("Freitas & Weinberg") hereby moves for an order, in the form attached hereto, granting it leave to withdraw from the representation of B.E. Technology, L.L.C. ("B.E.") in the above-captioned matter. In support of the motion, Freitas & Weinberg respectfully states as follows:

1.      "Attorney withdrawal issues are 'committed to the court's discretion,' and the Tennessee Rules of Professional Conduct are instructive." *Sledge v. Indico Sys. Res.*, 2015 U.S. Dist. LEXIS 185927, at *2 (W.D. Tenn. April 6, 2015) (quoting *Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009)). Pursuant to Rule 1.16(b) of the Tennessee Rules of Professional Conduct, "a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client; . . . (6) the representation . . . has been rendered unreasonably difficult by the client; [or] (7) other good cause for withdrawal exists." Tenn. Sup. Ct. R. 8, RPC 1.16(b); *see also* Rule 1.16(b) of the Model Rules of Professional Conduct of the American Bar Association (same).

2.      Local Rule 83.5 provides that:

> No attorney of record may withdraw in any case except on written
> motion and Court order. All motions for leave to withdraw shall
> include the reasons requiring withdrawal and the name and address
> of any substitute counsel. If the name of substitute counsel is not
> known, the motion shall set forth the name, address and telephone
> number of the client, as well as the signature of the client
> approving the withdrawal or a certificate of service on the client.
> Ordinarily, withdrawal will not be allowed if withdrawal will delay
> the trial of the action.

LR 83.5; *see Means v. Phillips*, 136 F. Supp. 3d 872, 889 n.20 (W.D. Tenn. 2015) (stating the

requirements of the local rule).

3.      Freitas & Weinberg has represented B.E. in the above-captioned action, as well as

several related cases,[1] since 2012.

4.      Irresoluble differences have developed between B.E. and Freitas & Weinberg

rendering the representation of B.E. unreasonably difficult. The differences have compromised

the attorney-client relationship to such an extent that Freitas & Weinberg's continued

representation of B.E. cannot be performed in a manner consistent with its obligations under the

---

[1] The following cases are related to this action: *B.E. Technology, L.L.C. v. Facebook, Inc.*, Case
No. 12-cv-2769-JPM-tmp; *B.E. Technology, L.L.C. v. Google LLC.*, Case. No. 12-cv-2830-JPM-
tmp *B.E. Technology, L.L.C. v. Groupon, Inc.*, Case No. 12-cv-2781-JPM-tmp; *B.E. Technology,
L.L.C. v. LinkedIn Corp.*, Case No. 12-cv-2772-JPM-tmp; *B.E. Technology, L.L.C. v. Pandora
Media, Inc.*, Case No. 12-cv-2782-JPM-tmp; *B.E. Technology, L.L.C. v. Twitter, Inc.*, Case No.
12-cv-2783-JPM-tmp; *B.E. Technology, L.L.C. v. Barnes & Noble, Inc.*, Case No. 12-cv-2823-
JPM-tmp; *B.E. Technology, L.L.C. v. Samsung Telecommunications Am., LLC*, Case No. 12-cv-
2824-JPM-tmp; *B.E. Technology, L.L.C. v. Samsung Electronics Am., Inc.*, Case No. 12-cv-
2825-JPM-tmp; *B.E. Technology, L.L.C. v. Sony Computer Entertainment Am. LLC*, Case No.
12-cv-2826-JPM-tmp; *B.E. Technology, L.L.C. v. Sony Electronics Inc.*, Case No. 12-cv-2828-
JPM-tmp; *B.E. Technology, L.L.C. v. Sony Mobile Communications (USA) Inc.*, Case No. 12-cv-
2827-JPM-tmp; *B.E. Technology, L.L.C. v. Microsoft Corp.*, Case No. 12-cv-2829-JPM-tmp;
*B.E. Technology, L.L.C. v. Apple Inc.*, Case No. 12-cv-2831-JPM-tmp; *B.E. Technology, L.L.C.
v. People Media, Inc.*, Case No. 12-cv-2833-JPM-tmp; *B.E. Technology, L.L.C. v. Match.com,
LLC*, Case No. 12-cv-2834-JPM-tmp; and *B.E. Technology, L.L.C. v. Motorola Mobility
Holdings LLC*, Case No. 12-cv-2866-JPM-tmp.

Rules of Professional Conduct. Freitas & Weinberg has attempted to repair the relationship with B.E. but has been unsuccessful.

5. Freitas & Weinberg is obligated to maintain B.E.'s confidential information, and therefore is not revealing specific factual details of the basis for the motion in these papers. *See* Tenn Sup. Ct. R. 8, RPC 1.6 ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent."); *see also id*. comment 3 ("The lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient."). If the Court instructs Freitas & Weinberg to provide specific factual details concerning these differences, Freitas & Weinberg respectfully requests that it be permitted to submit those details *in camera*, in order to protect B.E.'s confidential information.

6. Freitas & Weinberg cannot continue to represent B.E. Accordingly, there is sufficient basis to permit Freitas & Weinberg to withdraw as counsel under the Tennessee Rules of Professional Conduct, the Model Rules of Professional Conduct, and the Local Rules of this Court.

7. Freitas & Weinberg provided formal notice of the termination of its representation to B.E. on October 20, 2017. B.E. has been advised of the need to retain substitute counsel and has indicated that it intends to retain substitute counsel. B.E. asked Freitas & Weinberg to remain counsel until February 15, 2018 or until it could secure new representation, whichever occurred first. Freitas & Weinberg does not know whether B.E. has obtained substitute counsel. Because Freitas & Weinberg does not know whether B.E. has obtained substitute counsel, the name of B.E.'s substitute counsel is unknown, and therefore, pursuant to the requirements of Local Rule

83.5, Freitas & Weinberg provides the name, address and telephone number for the President and

Chief Executive Officer of B.E.:

> Martin David Hoyle
> B.E. Technology, L.L.C.
> 116 Viking Drive
> Cordova, Tennessee 38018-7261
> Telephone: (901) 275-4374

8.      Freitas & Weinberg has made every reasonable effort to ensure that B.E.'s

interests would not be prejudiced by its withdrawal. B.E. asserted two patents against Amazon

Digital Services, Inc. ("Amazon") United States Patent No. 6,771,290 ("'290 patent") and United

States Patent No. 6,141,010 ("'010 patent"). The Court found B.E.'s claims of infringement

related to the '290 patent moot following the United States Patent Trial and Appeal Board's

cancellation of all claims of the '290 patent.  *See, e.g., B.E. Technology, L.L.C. v. Facebook,*

*Inc.*, Case No. 12-cv-2769-JPM-tmp (ECF 88). The claims related to the '010 patent have not

been litigated since the case was stayed on December 6, 2013. (ECF No. 71). On August 3, 2018,

the Court lifted the stay, (ECF No. 85), and set a status conference for September 7. (ECF No.

86). Amazon has not answered B.E.'s complaint, the parties have engaged in minimal discovery,

and the case is far from trial. Granting this motion at this early stage will not prejudice B.E.'s

interests.

9.      Amazon likewise will not be prejudiced by Freitas & Weinberg's withdrawal

from the case at this early stage and Amazon does not oppose Freitas & Weinberg's withdrawal

from the action.

10.     The parties do not believe that a hearing is necessary for the Court to rule on this

motion. Copies of this motion are being served on B.E. A copy of the certificate of service is

attached. *See* LR 83.5.

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.2(a)(1)(B), the undersigned Daniel Weinberg certifies that on January 24, 2018, my colleague, Joshua Young, consulted by phone with counsel for Amazon Digital Services, Inc., Ravi Ranganath, regarding this motion. Mr. Ranganath informed Mr. Young that Amazon Digital Services, Inc. does not oppose this motion. On August 14, 2018, Mr. Young again consulted by phone with Mr. Ranganath regarding this motion, and Mr. Ranganath informed him that Amazon Digital Services, Inc.'s position has not changed.

Dated: August 16, 2018     Respectfully submitted,

               */s/ Daniel J. Weinberg*_____
               Robert E. Freitas (CA Bar No. 80948)
               Daniel J. Weinberg (CA Bar No. 227159)
               FREITAS & WEINBERG LLP
               350 Marine Parkway, Suite 200
               Redwood Shores, CA 94065
               Telephone:  (650) 593-6300
               Facsimile:  (650) 593-6301
               rfreitas@fawlaw.com
               dweinberg@fawlaw.com

               Richard M. Carter (TN B.P.R. #7285)
               MARTIN, TATE, MORROW & MARSTON, P.C.
               6410 Poplar Avenue, Suite 1000
               Memphis, TN 38119-4839
               Telephone:  (901) 522-9000
               Facsimile:  (901) 527-3746
               rcarter@martintate.com

               Attorneys for Plaintiff B.E. Technology, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2018, a true and correct copy of the foregoing was electronically filed with the United States District Court for the Western District of Tennessee and was served on all counsel by the Court's electronic filing notification or via email. Pursuant to Local Rule 83.5, a true and correct copy of the foregoing was served on the President and Chief Executive Officer of B.E. Technology, L.L.C. by email and at the mailing address below.

Martin David Hoyle
B.E. Technology, L.L.C.
116 Viking Drive
Cordova, Tennessee 38018-7261
Telephone: (901) 275-4374

*/s/ Daniel J. Weinberg*
Daniel J. Weinberg