**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| B.E. TECHNOLOGY, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:12-cv-02767-JPM-tmp |
| ) | |
| v. ) | **Hon. Jon Phipps McCalla** |
| ) | |
| AMAZON DIGITAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**RESPONSE OF AMAZON DIGITAL SERVICES, INC. TO LETTER
DATED SEPTEMBER 24, 2018 FROM B.E. TECHNOLOGY, LLC (DKT. NO. 95)**

Defendant Amazon Digital Services, Inc. ("Amazon") respectfully submits this response to the September 24, 2018 letter sent by Martin David Hoyle, President and CEO of B.E. Technology, LLC ("B.E.").[1]  In that letter, B.E. seeks a dismissal without prejudice of its remaining claim on U.S. Patent No. 6,141,010 (the "'010 patent") so that it can secure new counsel and re-file its case, or, in the alternative, an additional 90 days to secure such counsel.[2]  (Dkt. No. 95.)  The Court should deny B.E.'s request, and instead dismiss this case with prejudice for failure to prosecute.  This Court has the inherent power to do so *sua sponte* "in order to prevent undue delays in the disposition of pending cases and to avoid congestion." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Marchand v. Smith & Nephew*, No. 11-2621-STA-CGC, 2013

---

[1] Amazon interprets this letter as a *pro se* motion, and accordingly submits this response opposing the relief sought in the letter.

[2] B.E. also asserts in this case U.S. Patent No. 6,771,290 (the "'290 patent"), which was found to be unpatentable by the Patent Trial and Appeal Board in decisions affirmed by the Federal Circuit.  *B.E. Tech., L.L.C. v. Sony Mobile Commc'ns. (USA) Inc.*, 657 F. App'x 982, 990 (Fed. Cir. 2016).  There is no dispute that B.E.'s claim of infringement of the '290 patent should be dismissed as moot.  *See, e.g.*, *B.E. Technology, L.L.C. v. Facebook, Inc.*, Case No. 2:12-cv-02769, Dkt. No. 88 at 1 (W.D. Tenn. Dec. 20, 2017).

1

WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (similar).  The Court can also dismiss a case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court should exercise its power and dismiss this case with prejudice because B.E. has engaged in inexcusable prosecutorial delay.  Although this case was stayed with B.E.'s agreement while the PTAB reviewed two of its patents,[3] the PTAB decisions and the subsequent appeals of those decisions concluded *26 months* ago.  *B.E. Tech., L.L.C.*, 657 F. App'x at 990.  B.E. made no effort, either at that time or at any time thereafter, to prosecute its remaining claim, despite Amazon's repeated requests seeking B.E.'s plans for doing so.  (*See* Dkt. No. 84 at 2 n.1.)

The Court warned B.E. *twice* that its case could be dismissed if it did not attempt to move it forward.  The Court did so the first time when, on January 19, 2018, it issued an order to show cause why the case should not be dismissed as moot after B.E. failed to take any action to lift the stay in this case for two years following the completion of the PTAB reviews and related appeals.  (Dkt. No. 82.)  B.E. avoided dismissal at that time because it represented to the Court that it wanted to pursue its remaining claim against Amazon on the '010 patent.  (Dkt. No. 83.)  The Court told B.E. the second time that this case could be dismissed when, on August 30, 2018 it ordered B.E. to secure new counsel to prosecute its claims within 28 days.  (Dkt. No. 92.)  B.E. did not do so; instead it sent a letter citing as an excuse its inability to "obtain[] the financial resources and/or secur[e] a law firm willing to engage in the representation on an alternative fee arrangement."  (Dkt. No. 95.)

But B.E. had many more than 28 days to secure such counsel.  It knew as of at least October 2017—over a year ago—that it needed to do so, when its original counsel informed it of its

---

[3] *See* Case No. 2:12-cv-02825, Dkt. No. 66-1 at 5.

intention to terminate the representation.  (*See* Dkt. No. 88.)  It did not do so then.  It did not do so even since January of this year—nearly 10 months ago—when it represented to the Court that it intended to pursue its remaining claim against Amazon.  B.E. has had ample opportunity to secure new counsel and to advance this case.[4]  B.E.'s failure to prosecute its case demonstrates a "clear record of delay" and that B.E. "is inexcusably unprepared to prosecute the case." *Jones v. Makowsky, Ringel, & Greenberg Properties*, No. 14-CV-2961-SHM-DKV, 2015 WL 5334203, at *2 (W.D. Tenn. July 23, 2015), report and recommendation adopted, 2015 WL 5334221 (W.D. Tenn. Sept. 14, 2015) (citation omitted).

Importantly, this is not a case where the failure to secure counsel requires special lenience from the Court or any deviation from the straightforward consequences of failing to prosecute claims one filed.  B.E. is not an indigent, politically unpopular, or socially disadvantaged party that would face difficulty obtaining access to legal representation.  It is a patent assertion entity asserting a claim for patent infringement, for which two separate and thriving industries—contingency fee legal services and litigation finance—clamor daily for the opportunity to prosecute cases of even the most marginal plausibility.  Accordingly, there could be only two reasons why B.E. has for over a year been unable to find counsel or a party willing to finance its efforts: either B.E. has been culpably dilatory in seeking this assistance or the parties who could assist B.E. have made a determination that the claim B.E. asserts in this case has insufficient merit.  Indeed, Amazon already moved to dismiss B.E.'s claims under Fed. R. Civ. P. 12(b)(6) for failure to comply with the rule against functional claiming and for violating the possession rule.  (Dkt. No. 32-1.)  Should this case resume, that motion—which was fully briefed with the full participation of B.E.'s former counsel—will dispose of B.E.'s claim on the merits.  Accordingly,

---

[4] Having inexcusably failed to secure counsel for a year, there is no reason to think B.E. will be able to do so if given the 90-day extension it seeks in the alternative.

if the Court declines to dismiss B.E.'s remaining claim with prejudice for failure to prosecute, Amazon respectfully requests that the Court resolve the Rule 12 motion, which is ripe for resolution.

Respectfully submitted,

*Of counsel:*

J. David Hadden
Email: dhadden@fenwick.com
Saina S. Shamilov
Email: sshamilov@fenwick.com
Ravi R. Ranganath
Email: rranganath@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

By: */s/ Mark Vorder-Bruegge, Jr.*
Mark Vorder-Bruegge, Jr. (#06389)
mvorder-bruegge@wyattfirm.com
Glen Reid, Jr. (#8184)
greid@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
6070 Poplar Avenue, Suite 300
Memphis, TN  38119
Phone:  901-537-1069
Fax:  901-537-1010

Counsel for Defendant
AMAZON DIGITAL SERVICES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 11, 2018; and that a copy has been served on plaintiff, *pro se,* by both electronic mail and U.S. Mail on the same date.

/s/ *Mark Vorder-Bruegge, Jr.*
Mark Vorder-Bruegge, Jr.